PFEFFER and others, Appellants, vs. CITY OF MILWAUKEE and another, Respondents.

*February 10—June 1, 1920.*

*Food: Municipal ordinance requiring pasteurization of milk: Validity: Evidence: Judicial notice of methods of pasteurizing milk: Injunction: Motion to dissolve: Effect.*

1. A motion to dissolve a temporary injunction challenges the sufficiency of the complaint.
2. Scientific knowledge concerning milk as a food and the best method of pasteurizing is so generally understood and known that courts will take judicial notice of these facts.
3. An ordinance of the city of Milwaukee requiring milk sold in the city, except certified milk and tested milk, to be pasteurized by either the "holding" or the "flash" system, is a regulation for the protection of the public health within the discretionary power of the common council.

ESCHWEILER, J., dissents.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The appeal is from an order dissolving a temporary injunction.

This action was brought by the plaintiffs to declare null and void an ordinance of the city of *Milwaukee.* Plaintiffs are milk dealers, some of whom have been in that business for many years before the passage of the ordinance in question. They claim that their business is being injured by secs. 787.5 to 787.9 and 787.91 of the Milwaukee ordinances, which provide that all milk sold in the city of *Milwaukee* must be either certified milk, milk which has been passed by the tuberculin test, or milk pasteurized by either the "holding" or the "flash" method.

The defendants did not answer, but moved upon the complaint and the temporary injunctional order which the plaintiffs had obtained for a dissolution of this temporary injunction. The court dissolved the temporary injunctional order and held that the complaint did not state a cause of action, upon the ground that the ordinance is valid. This is an appeal from such order.

*Wm. A. Schroeder* and *Horace B. Walmsley,* both of Milwaukee, for the appellants.

For the respondents there was a brief by *Clifton Williams,* city attorney, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

SIEBECKER, J. The ordinance in question, as declared in its title, pertains to "The pasteurization of milk," and adds to the Milwaukee Code of Ordinances of 1914 six new sections. Sec. 787.5 provides:

"All milk hereafter sold in the city of *Milwaukee,* except *certified* milk and inspected milk, shall be pasteurized by either the holding or the flash system."

This section requires that an automatic heat-recording device, approved by the health officer, must be used to record

the heat of the milk and the length of time it is held at the highest temperature.    Sec. 787.6 provides:

"All milk pasteurized . . . by the holding system shall be heated to a temperature of not less than one hundred forty-five degrees Fahrenheit and shall be continuously held at that temperature for thirty minutes and shall then be promptly and quickly cooled to a temperature not exceeding fifty degrees Fahrenheit."

The milk subject to the flash system shall be likewise treated except that it shall be heated to 165 degrees and held there for one and one-half minutes and then cooled as above prescribed.    Sec. 787.8 provides that milk so pasteurized "shall not be reheated or repasteurized for the purpose of sale as food for human beings."    Other sections define certified and inspected milk and prescribe penalties for the violation of any provision of the ordinance.

The motion to dissolve the temporary injunction challenges the sufficiency of the complaint.    *Harley v. Lindemann,* 129 Wis. 514, 109 N. W. 570.    The injunctional order procured from the court commissioner was dissolved by the circuit court upon the ground that the city ordinance providing for the pasteurization of milk is a valid regulation and hence the complaint states no cause of action.    The plaintiffs claim that this ruling is erroneous upon the grounds that the prescribed pasteurization does not promote the public health, because the milk subjected to it is deteriorated as a food product, that it does not destroy pathogenic bacteria in the milk, that it in no way tends to make or preserve the milk as a more healthful article of food, and that the milk subjected to this process of pasteurization is not as wholesome, healthful, and as good an article of food as milk in the natural state drawn from cows.    The questions raised by these contentions involve the inquiry of scientific facts concerning the pasteurization of milk.    The importance of securing a supply of pure and wholesome milk for human consumption is universally acknowledged.

*State ex rel. Nowotny v. Milwaukee,* 140 Wis. 38, 121 N.
W. 658.

Public health demands that milk and all milk products
should be pure and wholesome. It is also common knowl-
edge that milk containing deleterious organisms is an un-
suitable article of food. Milk is known to be a product
easily infected with germ life and to require special atten-
tion and treatment in its production and distribution for
consumption as an article of food. Scientific knowledge
concerning these facts and the best method of pasteurizing
milk for human use in course of production and distribution
as a pure and wholesome food is so generally understood
and known that courts take judicial notice of these facts.
It is a generally accepted fact that when milk is heated to a
temperature of 145 degrees Fahrenheit and sustained at that
point for thirty minutes, the disease-causing germs are
destroyed. Such pasteurization may be performed at the
home or at the distributing stations. Under these circum-
stances and conditions of the milk business it was proper
for the common council of the city of *Milwaukee* to deter-
mine in its legislative function what means and methods
were best adapted to accomplish the object of supplying the
people of the city of *Milwaukee* with wholesome milk. The
objection to the method adopted by the common council for
the pasteurization of the city's milk supply cannot avail in
this case for holding the ordinance invalid, because that sub-
ject is one within the legislative power of the common
council under the powers conferred by the city charter. The
system of pasteurization provided for in the ordinance is
one in common use and hence is not subject to the objection
that it is an untried and unpracticed scheme as alleged by the
complainants. The provisions for supplying certified and
inspected milk require of dealers what is appropriate to fur-
nish a wholesome and pure product in the conduct of the
milk trade. In the light of these known facts and practices
regarding the pasteurization treatment of milk to destroy

pathogenic germs and the systems of inspection and certification to make it a healthful food and preserve it in that state in the process of distribution among the people of the city, it cannot be said that the common council of the city have provided unreasonable and oppressive regulations for the promotion of the public health of the people, nor that the powers conferred on the health officer for the enforcement of the ordinance are unreasonable or prejudicial to the private rights and property interests of the plaintiffs and others similarly situated. *State ex rel. Nowotny v. Milwaukee*, 140 Wis. 38, 121 N. W. 658; *Eastern Wis. R. & L. Co. v. Hackett*, 135 Wis. 464, 115 N. W. 376, 1136, 1139; *Le Feber v. West Allis*, 119 Wis. 608, 97 N. W. 203; *Adams v. Milwaukee*, 144 Wis. 371, 129 N. W. 518.

It is considered that the ordinance is a proper regulation of the milk supply of the city and that it is an appropriate and valid regulation for the protection of the people's health.

· *By the Court.*—The order appealed from is affirmed.

ESCHWEILER, J. ·(*dissenting*).· The majority opinion holds as a matter of law that pasteurization of milk is a provision that may lawfully be required within a proper exercise of the legislative discretion vested in the common council. I think, however, that such was not the only question involved under the allegations of the complaint, and that a person so challenging such an ordinance should have an opportunity to do so upon due hearing and with the opportunity to offer testimony from those who have acquired expert knowledge in such particular field of scientific knowledge.