EUGENE O. BRIELMAN *vs.* COMMISSIONER OF PUBLIC HEALTH OF PITTSFIELD.

Berkshire. September 20, 1938. — October 29, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Milk. Health, Board of. Constitutional Law,* Police power.

A regulation by a local board of health of a city prohibiting the sale of milk in the city for consumption unless it was certified or pasteurized was within the statutory powers given the board by § 13E, inserted in G. L. (Ter. Ed.) c. 94 by St. 1933, c. 263, § 1, although it forbade the sale of some of the grades permitted by the State milk regulation board; and, not being unreasonable, its enforcement would not be unconstitutional.

BILL IN EQUITY, filed in the Superior Court on January 2, 1937.

A final decree dismissing the bill was entered by order of *Dowd,* J. The plaintiff appealed.

*F. J. Quirico,* for the plaintiff.

*J. M. Rosenthal,* City Solicitor, for the defendant.

LUMMUS, J.    The milk regulation board was created by G. L. (Ter. Ed.) c. 6, § 42, inserted by St. 1932, c. 305. By G. L. (Ter. Ed.) c. 94, §§ 16, 16A–16I, inserted by the same statute of 1932, provision was made for the registration by that board of dairy farms, and of dealers in milk. By St. 1933, c. 263, amending G. L. (Ter. Ed.) c. 94, § 13, and inserting §§ 13A–13E, it was directed, with the approval of the Governor and Council, to "make rules and regulations establishing grades of milk, one of which shall be termed 'Grade A'," and none of which shall be lower than the Massachusetts legal standard for milk under G. L. (Ter. Ed.) c. 94, § 12.    It was made unlawful to sell or offer to sell any milk not conforming to one of the grades so established.    On May 8, 1935, the milk regulation board duly established eight grades of milk.    Milk was divided into four classes, milk (without further description), grade A, special and certified; and each of them into two branches, raw and pasteurized; making eight grades in all.    Pasteurized milk is defined in G. L. (Ter. Ed.) c. 94, § 1.    Pasteurization is recognized as of great value in ensuring the freedom of milk from harmful bacteria.    Certified milk is described in G. L. (Ter. Ed.) c. 180, §§ 20–25.    See also G. L. (Ter. Ed.) c. 94, § 13E (St. 1933, c. 263, § 1).

A local board of health has certain statutory powers to make regulations as to milk, and those powers in Pittsfield are exercised by the defendant commissioner of public health.    St. 1932, c. 280, § 26.    By G. L. (Ter. Ed.) c. 94, § 13E (St. 1933, c. 263, § 1), "Boards of health of cities and towns may adopt bacterial standards for any grade of milk established under sections thirteen and thirteen A by the [milk regulation] board, which shall be numerically less but not greater than such standards established by the [milk regulation] board for any such grade.    The establishment of any grade of milk under authority of said sections thirteen and thirteen A shall not be construed to prevent the exercise by such [local] boards of the powers and duties conferred and imposed upon them by sections forty-one and forty-three"; but "this section shall not be deemed to authorize the sale or delivery of any milk desig-

nated as any grade established under said sections thirteen and thirteen A and not conforming to the standard so established for such grade . . . ." G. L. (Ter. Ed.) c. 94, §§ 40, 41, provide for local licenses to sell milk, the granting of which shall be "subject to the regulations established by the board of health" of the city or town. The refusal or revocation of a license may be appealed to the department of public health. By § 43, as amended by St. 1935, c. 88, and St. 1936, c. 210, "No producer of or dealer in milk shall sell or deliver for sale" any milk without first obtaining a permit from the local board of health, which may "contain such reasonable conditions as said board deems suitable for protecting the public health and may be revoked for failure to comply with any of such conditions." A producer or dealer may appeal to the department of public health from the refusal or revocation of a permit. Moreover, by G. L. (Ter. Ed.) c. 111, § 31, "Boards of health may make reasonable health regulations." This broad power was first given by St. 1920, c. 591, § 17, and was put into its present form by St. 1924, c. 180, apart from an addition made by St. 1937, c. 285. This power is not subject to the limitations of earlier rule making powers of boards of health, illustrated by *Commonwealth* v. *Drew*, 208 Mass. 493.

The defendant has made the following regulation: "No person, firm or corporation shall sell, offer for sale, hold in possession with intent to sell, exchange or deliver any milk or cream in the City of Pittsfield unless such milk or cream is certified according to the provisions of the law, or pasteurized as provided for in Section 1 of Chapter 94 of the General Laws. This rule shall not apply to milk intended to be delivered for the purpose of pasteurization." The intention was to prevent the sale for consumption of any unpasteurized milk except certified milk. The prohibited milk comprised three of the eight classes established by the milk regulation board.

Because of his violation of this regulation, the plaintiff has been threatened with the loss of his permit and license. To restrain action to that end, the plaintiff brings this bill,

contending that the regulation is invalid. The Superior Court, after hearing evidence on the question of reasonableness, found the regulation "not unreasonable," and dismissed the bill with costs. The plaintiff appealed.

As matter of statutory construction, the law does not declare or imply that every grade of milk established by the milk regulation board may be sold everywhere. Local boards of health retain all their powers under earlier laws, and may make regulations that are more stringent than the general law. The regulation in question cannot be pronounced unreasonable, much less an infringement of the plaintiff's constitutional rights. A strict insistence upon a high standard of purity and safety in milk is well within the police power. *Commonwealth* v. *Wheeler*, 205 Mass. 384.

*Decree affirmed with costs.*