Zimmerman, J.
Although this court has never directly decided the question, the weight of authority approves the validity of reasonable enactments promulgated by lawful authority requiring the pasteurization of milk to conserve the public health. 22 American Jurisprudence, 858, Section 68. Thus, in the case of Natural Milk Producers Assn. of California v. City and County of San Francisco, 20 Cal. (2d), 101, 114, 124 P. (2d), 25, 32, the court remarked:
“It has been held repeatedly that it is within the scope of the police power to require, for the protection of the public health, that all milk for human consumption must be pasteurized. * * * It cannot be doubted therefore that the requirement that all milk for human consumption be pasteurized is a proper police regulation.” To like effect, see City of Phoenix v. Breuninger, 50 Ariz., 372, 72 P. (2d), 580; Koy v. City of Chicago, 263 Ill., 122, 104 N. E., 1104, Ann. Cas., 1915C, 67; Brielman v. Commrs. of Public Health of Pittsfield, 301 Mass., 407, 17 N. E. (2d), 187; City of Weslaco v. Melton (Tex.), 308 S. W. (2d), 18. Contra, State, ex rel. Knese, v. Kinsey, 314 Mo., 80, 282 S. W., 437. For another leading case bearing generally on the subject, see Gilchrist Drug Co. v. City of Birmingham, 234 Ala., 204, 174 So., 609, 111 A. L. R., 103. Compare Kraus, a Taxpayer, v. City of Cleveland, 163 Ohio St., 559, 127 N. E. (2d), 609 (appeal dismissed, 351 U. S., 935, 100 L. Ed., 1463, 76 S. Ct., 833), in which this court upheld the right of the Council of the City of Cleveland to order the fluoridation of the water supply of that city.
Moreover, courts will take judicial notice of scientific facts which are commonly recognized (21 Ohio Jurisprudence [2d], 37, Section 16), and such notice includes the knowledge that bacteria, harmful to human consumers thereof, are not infrequently found in raw milk, and that pasteurization is an effectual way to destroy such deleterious germ life. See Pfeffer v. City of Milwaukee, 171 Wis., 514, 177 N. W. 850, 10 A. L. R., 128, City of Phoenix v. Breuninger, supra, and City of Weslaco v. Melton, supra.
*25 Nor do we think that the pasteurization regulation in issue conflicts with or contravenes the statutory law of Ohio. True, in Sections 3717.01 through 3717.99, Revised Code, the General Assembly has enacted extensive legislation covering milk and milk products but nowhere does that legislation cover the subject of pasteurization. In our opinion, the General Assembly has not pre-empted the field, nor did it intend to. This is indicated by the fact that boards of health of general health districts, like the one existing in Auglaize County, were created by the General Assembly and accorded broad powers.
Section 3709.21, Revised Code, provides:
“The board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances. * * *”
Section 3709.22, Revised Code, details other activities in which such boards may engage, including the taking of “such steps as are necessary to protect the public health and to prevent disease.”
The regulation in issue does not contravene the statutory law but augments it and represents a proper exercise of the police power by the Auglaize County board in the interests of public health and in conformity with statutory authorization.
Appellant relies on the case of Weber v. Board of Health, Butler County, 148 Ohio St., 389, 74 N. E. (2d), 331. That case dealt largely with regulations prohibiting the conduct of a lawful business and unauthorizedly delegating legislative power to a health commissioner. Here, we are dealing with a regulatory measure affecting public health and pointed directly at all milk producers and which was within the power of the board to adopt and enforce. In our view, the decision in the Weber case is not controlling of the present situation.
It may be accurately stated as a general proposition that the business of producing and selling milk is affected with a public interest and is subject to reasonable regulation to conserve the public health either by the General Assembly or by an authorized agency created by the General Assembly and acting pursuant to a valid delegation of power from that body.
*26 We can find no sound basis upon which to differ with the judgments rendered by the courts below, and the judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Matthias, Bell, Herbert and Peck, JJ., concur.