Commonwealth ex rel. Allegheny County *v.* Shenot, Appellant.

352

Argued November 8, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (FLOOD, J., absent).

*Leonard A. Mazer,* for appellant.

*Francis A. Barry,* First Assistant County Solicitor,
with him *James Victor Voss,* Assistant County Solici-
tor, and *Maurice Louik,* County Solicitor, for appellee.

OPINION BY JACOBS, J., March 24, 1966:

On May 4, 1964, an employee of the Milk Division of the Allegheny County Health Department purchased one gallon of unpasteurized milk from appellant at his farm in Wexford, Allegheny County. The employee supplied his own container and paid sixty-four cents for the gallon. Appellant had been operating the farm for many years and sold from 50 to 200 gallons of unpasteurized milk a week to consumers who supplied their own containers. On August 5, 1964 an alderman found appellant guilty of violating two of the Rules and Regulations of the Allegheny County Health Department by (1) offering milk for sale for direct human consumption in Allegheny County without a county permit and (2) offering unpasteurized milk for sale for direct human consumption in Allegheny County. He was fined $100 for each violation and ordered to pay the costs of prosecution. An appeal was taken to the County Court of Allegheny County.

On February 10, 1965 after a hearing before Judge McCARTHY, appellant was found guilty of both counts and his fine was reduced to $50 on each count.

In this appeal appellant challenges the constitutionality of the following two regulations for violations of which he was convicted:

"504. PERMITS

A. *Issuance.* Only persons who comply with the requirements of these Rules and Regulations of the Health Department of Allegheny County and the laws of the Commonwealth of Pennsylvania, pertaining to the sanitation of milk and milk products shall be entitled to receive and retain a permit. It shall be unlawful for any operator of a milk plant, milk distributor, milk hauler or any other person who does not possess a permit from the Director, to bring into, send into, or receive in the County of Allegheny, or to sell therein, any milk or milk products . . .

505. ONLY PASTEURIZED MILK OR MILK PRODUCTS MAY BE SOLD FOR HUMAN CONSUMPTION. It is unlawful for any person to sell milk or milk products in the County of Allegheny unless pasteurized in accordance with these Rules and Regulations, except that milk for pasteurization may be sold to milk plants."

## I.

In considering the subject of milk regulation and sanitation, we must begin with the state legislature's declaration that "the production, transportation, manufacture, processing, storage, distribution, and sale of milk in the Commonwealth is a business affecting the public health and affected with a public interest. . . ." Act of April 28, 1937, P. L. 417, art. I, §101, 31 P.S. §700j-101. In the exercise of its police power, the legislature has enacted the Milk Control Law, Act of April 28, 1937, P. L. 417, as amended, 31 P.S. §§700j-101 to 700j-1302, setting up the independent administrative Milk Control Commission and providing a scheme of regulations for the licensing and bonding of milk dealers and for the weighing, testing and pricing of milk. It has also enacted numerous statutory provisions, commonly referred to as the Milk Sanitation Law, dealing with the inspection of dairy farms, the issuance of permits, the handling of raw milk, pasteurization, sanitation, distribution, etc., and charging the Department of Agriculture with enforcement. See 31 P.S. §§511-683. The legislature, however, has not prohibited local governing bodies from promulgating local milk sanitation regulations which are at least as strict as the state regulations. The Act of July 2, 1935, P. L. 589, as amended by Section 6 of the Act of October 13, 1959, P. L. 1301, 31 P.S. §660b, provides:

"The provisions of this act, and the regulations made thereunder, shall not be taken nor deemed to

repeal existing municipal ordinances, nor to prevent municipalities or counties which have established or joined in establishing county departments of health from enacting and enforcing new ordinances or regulations for the further protection of the public health: Provided, That this act shall be considered as establishing uniform requirements and regulations, and that nothing herein contained shall be deemed to prevent municipalities or counties which have established or joined in establishing county departments of health from ordaining and enforcing such additional requirements in excess of the requirements and regulations hereunder, as may be deemed necessary, from time to time for the preservation of public health, and to require applications from, and to issue permits to such persons as may be defined by local ordinances or regulations."

Thus the Allegheny County Health Department, created on January 1, 1957, under the authority of the Act of August 24, 1951, P. L. 1304, 16 P.S. §12001 et seq., known as the Local Health Administration Law, was not without power to enact Article V of its Rules and Regulations, which contain 22 sections regulating milk and milk products.

We would have little trouble with this case if all that the county health department did was to prescribe equally stringent or more stringent sanitation requirements for the issuance of permits for the sale of milk. Section 6, as above quoted, as well as *Department of Licenses and Inspection v. Weber,* 394 Pa. 466, 147 A. 2d 326 (1959); *Western Pennsylvania Restaurant Association v. Pittsburgh,* 366 Pa. 374, 77 A. 2d 616 (1951); and *Retail Master Bakers Association v. Allegheny County,* 400 Pa. 1, 161 A. 2d 36 (1960), all sanction such additional regulation. But in this case we are faced with an attempt by a local governing body to prohibit entirely the sale of unpasteurized

or raw milk in Allegheny County and are presented with two prior Allegheny County decisions sustaining such attempts. See *Allegheny County v. Brunner,* 28 Pa. D. & C. 2d 32 (1961) and *Dairymen's Association v. Pittsburgh,* 91 Pitt. L.J. 169 (1943). These two decisions reasoned that since the state statute did not treat exclusively on the subject of pasteurization, local governing bodies could prescribe, to insure the health of the public, a requirement "in excess of the requirements and regulations" under the state statute, viz., that all milk sold within their limits be pasteurized.

We have scrutinized these decisions and must reject their reasoning. Section 505 does not merely prescribe a requirement "in excess" of the state's requirements and regulations of pasteurized milk; nor does it prescribe a requirement "in excess" of the state's requirements and regulations of unpasteurized or raw milk. It dictates that *all* milk for human consumption must be pasteurized and legislates out of Allegheny County any other milk. The assumption underlying this prohibition, viz., that unpasteurized milk is not and cannot be made safe enough for human consumption, has been rejected by the state legislature which has designated four categories of milk, "Certified Milk", "Raw Milk", "Milk for Pasteurization" and "Pasteurized Milk", Act of July 2, 1935, P. L. 589, §7, as amended, 31 P.S. §651, and has enacted a section on "Raw Milk", setting forth fairly detailed sanitation regulations governing the production and handling of this type of milk, regulations which were toughened in 1959 and 1961.[1]

---

[1] This section (31 P.S. §652) provides:

" 'Raw Milk' shall be produced and handled in the following manner:

(a) 'Raw Milk' shall be milk from a cow or cows, determined by physical examination and tuberculin tests conducted in accord-

This legislative action, particularly the 1959 and 1961 amendments making more strict the standards for the producing and handling of raw milk, indicates a legislative judgment that not only pasteurized but also raw milk can be safely sold to the people of Pennsylvania provided certain requirements are met. If even the most recent state requirements are not strict enough to satisfy a local governing body's concern for the health and well-being of its citizens, the proper

---

ance with the rules, regulations, and practices of the Department of Agriculture pertaining to the individual accredited herd plan, and brucellosis tests conducted in accordance with the rules, regulations and practices of the Department of Agriculture pertaining to the individual certified herd plan to be free from communicable disease. In addition thereto, a brucellosis ring test shall be conducted at least once every year. Six months after the blood test at the expense of the owner and if the results of such test are suspicious, such cow or cows shall immediately be re-tested by blood testing.

(b) The cows shall be fed, watered, housed, and cared for in such a manner that the milk will be clean and free from disease-producing organisms.

(c) The milk process shall be carried on in a cleanly manner. The milk shall be promptly cooled. The milk containers, utensils, and equipment shall be of such material and so constructed that they may be readily cleaned. The milk and the cleansed containers, utensils and equipment shall be protected from flies.

(d) A milk plant which is properly constructed, lighted, ventilated, drained, and kept clean shall be provided and used exclusively for the handling of 'Certified Milk' or 'Raw Milk', or fruit juices if received from a source acceptable to the Secretary of Agriculture with respect to sanitation and protection of public health. An adequate supply of steam or hot water shall be provided and used for cleansing milk containers and dairy utensils.

(e) Every applicant for or holder of a permit to sell raw milk, desiring to purchase milk for resale as raw milk, shall receive permission from the 'secretary' before accepting milk from any source other than that given in the application for a permit. All sources of raw milk shall be inspected and approved by the 'secretary'. As amended 1959, Oct. 13, P. L. 1301, §4; 1961, July 14, P. L. 628, §1."

solution is to make the sanitation requirements more strict, not ban the product entirely. The record is devoid of any justification whatsoever for such a ban, which is inconsistent with the state legislation regulating raw milk and thus cannot be sustained. *Western Pennsylvania Restaurant Association v. Pittsburgh,* supra.

Chief Justice STERN, writing for a unanimous court in *Otto Milk Company v. Rose,* 375 Pa. 18, 21-22, 99 A. 2d 467 (1953), shed light on the subject of milk regulation with these words:

"This case raises a grave constitutional question. It is self-evident that the right of property includes not only that of owning and possessing it, but also of selling and transferring it to others. No one would contend that any State or municipality would have the constitutional right to deny to a merchant the right to sell, within its jurisdiction, any ordinary items of personal property, wares or merchandise not requiring supervision under the police power. The only limitation to that right as far as milk or other articles of food are concerned is that regulations to insure the purity and wholesomeness of the product may be adopted as a condition to the granting of permission for its sale or distribution. Indeed there can be no question but that, under the provision of section 18 of the Act of July 2, 1935, P. L. 589, the City of Johnstown is authorized to enact such regulations, even though they may be additional to, and more rigid than, those imposed by the federal or State authorities. But such regulations must be *reasonable* and not arbitrary and *absolutely prohibitive.*"

Applying that test to this case, we are of the opinion that Section 505 of the Rules and Regulations, which absolutely prohibits the sale for human consumption in Allegheny County of all milk that is not pasteurized, is an invalid exercise of the police power. In

so holding, we have given due consideration to numerous cases from other jurisdictions which have dealt with this subject.[2]

## II.

Section 504, requiring a permit from the Allegheny County Health Department, is not constitutionally defective per se. As we have seen in Section 6, quoted above, the state legislature did not prevent counties which have established departments of health from requiring applications from and issuing permits to those who produce and sell milk. We do not agree with appellant's contention that Section 402 of the Milk Control Law, as amended, 31 P.S. §700j-402, exempts him from any county permit requirements under the Milk Sanitation Law. That section provides:

"The commission may, by official order, exempt from the license requirements provided by this act milk dealers or handlers who purchase or handle milk in a total quantity not exceeding one thousand five hundred pounds in any month, and milk dealers or handlers selling milk in any quantity only in markets of a population of one thousand, or less, for local consumption. . . . However, milk dealers or handlers exempted by this section from the license requirements of this act shall continue to be subject to all the other

---

[2] These cases, dealing with differing factual situations, statutes and ordinances, include: *State ex rel. Knese v. Kinsey*, 314 Mo. 80, 282 S.W. 437 (1926) ; *Shelton v. City of Shelton*, 111 Conn. 433, 150 A. 811 (1930) ; *City of Weslaco v. Melton*, 158 Texas 61, 308 S.W. 2d 18 (1957) ; *Natural Milk Producers Association v. San Francisco*, 20 Cal. 2d 101, 124 P. 2d 25 (1942) ; *Schlenker v. Board of Health of Auglaize County*, 171 Ohio 23, 167 N.E. 2d 920 (1960) ; *City of Phoenix v. Breuninger*, 50 Ariz. 372, 72 P. 2d 580 (1937) ; and *Brielman v. Commissioner of Public Health*, 301 Mass. 407, 17 N.E. 2d 187 (1938).

provisions of this act relating to milk dealers or handlers: Provided, however, That in cash sales of milk, to consumers in containers owned and provided by the consumer, if he shall have produced all the milk on the farm where sold and such milk has at no time left the producer's farm prior to its sale to the consumer and he shall have neither purchased nor received milk from other producers or handlers and his total sales to consumers do not exceed two gallons to any one consumer in any one day, the producer so selling milk shall be exempt from the provisions of *this act.*" (Emphasis added)

Appellant misreads the scope of this exemption provision. While this provision exempts the family-farm type of dairy operation from the pricing, licensing, and other regulatory provisions of the *Milk Control Law, Milk Control Commission v. Battista,* 413 Pa. 652, 198 A. 2d 840 (1964), its exemption does not extend beyond the act in which it is found. The sanitation requirements found in sections of the State's Milk Sanitation Law and valid local regulations passed pursuant to the sanitation acts must still be complied with. Permission to sell at unregulated prices below those set by the Milk Control Commission does not carry with it permission to sell without a permit validly required by state or local health regulations.

Section 504 represents the judgment of Allegheny County that in the interest of protecting the health of its citizens, it shall require a local permit for sellers of milk in the county, signifying compliance not only with the state milk sanitation laws but also with the county health department's requirements. Although this section is valid as it stands, the testimony in this case made it abundantly clear that the only reason appellant had no local permit[3] was that the county health

---

[3] The testimony indicates that appellant had a state license.

department issued no permits for raw milk.[4] Since this criterion alone is not a valid one for denying a permit, we cannot sustain the conviction on either count. If the county desires to enact reasonable but more rigid requirements governing the handling and sale of raw milk, it may do so. Until such time, the state milk sanitation standards on raw milk govern. Absent proof that appellant has not complied with these standards, he is entitled to a county permit and his conviction cannot stand.

Order reversed and appellant discharged.

WRIGHT, J., would affirm on the opinion of the court below.

---

[4] The Chief of the Milk Division of the County Health Department, when asked: "All right, do you issue permits in Allegheny County to sell raw milk for human consumption, without selling it to plants for pasteurization", replied, "No".