Greater Greensburg Sewage Authority, et al. *v.* Hempfield Township, et al.

Argued February 24, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WIL-KINSON, JR., MENCER, ROGERS and BLATT.

*Joseph B. Mitinger,* with him *Mitinger & Mitinger,* for appellants.

*Robert M. Stefanon,* for appellees.

OPINION BY JUDGE MENCER, May 26, 1972:

The appellant, Greater Greensburg Sewage Authority (Authority) has operated a sewage treatment plant situate in Hempfield Township, Westmoreland County, since 1962. The sewage treatment plant provides treatment for sewage originating in the City of Greensburg, the Borough of South Greensburg, and parts of Hempfield Township. A liquid residue termed "sludge" is produced in the operation of the sewage treatment plant. The sludge material is deposited on a farm owned by appellant, Wayne H. Hillis, located in Hempfield Township.

On December 17, 1969, the Board of Supervisors of Hempfield Township enacted an ordinance numbered 69-11, which was designated as a Solid Waste Management Ordinance. This ordinance requires that a license be obtained from the Township Supervisors for the depositing of solid waste resulting from "industrial, commercial, agricultural and residential activities." The Authority, under protest, applied for a license to deposit sludge material under the ordinance but the application was denied by the Township Supervisors. Wayne H. Hillis also applied for a license and was granted one which was subsequently rescinded.

The Authority and Wayne H. Hillis brought an action in mandamus to compel the issuance of a license to deposit "sludge" on the Hillis farm. They also filed a complaint in equity seeking injunctive relief from the

threats of criminal prosecution made by the Township Supervisors for failure to obtain a license and seeking to enjoin the Supervisors from interfering with the activity of the Authority conducted on the farm of Wayne H. Hillis. In addition, the Court of Common Pleas of Westmoreland County was asked to declare Hempfield Township Ordinance No. 69-11 unconstitutional.

After hearing, the court below entered a decree nisi denying the relief sought and finding Ordinance No. 69-11 valid and constitutional. Exceptions were filed to the decree nisi and the court below en banc dismissed the exceptions, affirmed the decree nisi as a final decree and directed judgment to be entered on the decision of the trial judge. The Authority and Hillis appealed to this Court and we reverse.

The court below denied the relief sought by the Authority upon the following reasoning:

"Township Ordinance No. 69-11 was enacted in conformity with the Authority and requirements set forth in Section 10 of the Pennsylvania Solid Waste Management Act No. 241.

"Defendant Township Zoning Ordinance specifically provides for waste disposal areas in an I-1 zoned area under special exceptions. The Hillis farm is located in an A-1 zoned area from which waste disposal areas are excluded. The Zoning Ordinance was enacted December 31, 1969, and became effective January 5, 1970.

"Even if the Hillis farm was being used as a nonconforming use under Section 301.1 of the Zoning Ordinance, it was not registered within six months of the effective date of the Ordinance as a nonconforming use under 301.5; and *therefore, no permit could be issued by the Township Board of Supervisors as required in Ordinance No. 69-11 and/or 69-12.*" (Emphasis supplied.)

The mistaken reasoning of the court below was that the nonregistration of the nonconforming use, as required by Section 301.5 of the zoning ordinance of Hempfield Township, prevented the issuance of the required license or permit as required by Ordinance No. 69-11. This conclusion was undoubtedly prompted by considering the zoning ordinance violation (not registering the nonconforming use) as being in nonconformance with the requirements of a municipal ordinance and therefore in direct conflict with the language of Section 7(c) of Ordinance No. 69-11 which states that "[n]o license shall be granted if the *place* and *method* of disposal shall not conform to the requirements of this ordinance, or to the ordinance of any municipal or quasi-municipal corporation, wherein disposal of solid waste is to be made." (Emphasis supplied.) The court below stated that the nonregistration of the nonconforming use prevented the issuance of the license but, as Section 7(c) clearly states, it is the nonconformance of the *place* and *method* of disposal that bars the granting of the required license.

Here the record fails to disclose that the method of disposal does not conform to the requirements of Ordinance No. 69-11 or to any other ordinance of Hempfield Township. It is the place of disposal which suggests the noncompliance with the zoning ordinance of Hempfield Township in that the Hillis farm is located in an A-1 zoned area from which waste disposal areas are excluded. However, the Hillis farm qualifies as a nonconforming use under the provisions of Section 301.1 of the zoning ordinance which reads as follows: "301.1 'Nonconforming use' means a use, whether of land or of a structure, which does not comply with the applicable use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, where such use was lawfully in existence prior to the enactment of

such ordinance or amendment to its location by reason of annexation."

The zoning ordinance became effective January 5, 1970 and the disposal of "sludge" on the Hillis farm commenced in 1967 following a letter dated January 13, 1967, to the Authority from the Department of Health, Commonwealth of Pennsylvania, authorizing such disposal. It is important to note that failure to register a nonconforming use under Section 301.5 of the zoning ordinance makes one subject to the penalties of Section 405 but failure to register does not cause the loss of the nonconforming use. Section 301.4 speaks to this point by stating that "[i]n the event that any nonconforming use ceases for a period of one year, such nonconforming use shall not be resumed." Here the record discloses that the Authority did not cease its nonconforming use of disposing of sludge on the Hillis farm for a one-year period. Thus the Authority's nonconforming use continued, although not registered, and therefore the place of disposal was not in nonconformance to the requirements of the zoning ordinance which recognized and allowed a nonconforming use as to land. *See Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 84, 277 A. 2d 176 (1971); *West Mifflin v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 485, 284 A. 2d 320 (1971); *Duquesne Light Company v. Upper St. Clair Township,* 377 Pa. 323, 105 A. 2d 287 (1954).

Further, we think it important to note that Hempfield Township Ordinance No. 69-11 was enacted under and in accordance with Section 10(b) of the Pennsylvania Solid Waste Management Act, Act of July 31, 1968, P. L.    , No. 241, as amended, 35 P.S. §6010(b), which reads: "In carrying out its responsibilities, any such municipality may adopt ordinances, regulations and standards for the storage and collection of solid

wastes which shall be *in conformity with* the rules, regulations, standards and procedures adopted by the department for the storage, collection, transportation, processing and *disposal of solid waste."* (Emphasis supplied.)

Section 7, Act of July 31, 1968, as amended, 35 P.S. §6007, provides for the issuance of a permit from the Department of Health[1] of the Commonwealth of Pennsylvania in order to make lawful the use of the land of any other person by an Authority as a disposal area of a solid waste management system. Accordingly, when the Township of Hempfield requires the Authority to obtain a license under Section 7 of their Ordinance No. 69-11 before dumping solid waste within the Township of Hempfield, it is not in conformity with the permit requirements of the Act of July 31, 1968, as amended, 35 P.S. §6001, *et seq.*

However, more important than all that we have stated hereto is that the enactment by the General Assembly of the Act of January 24, 1966, P. L. [1965] 1535, 35 P.S. 750.1, *et seq.,* known as the Pennsylvania Sewage Facilities Act and the Act of July 31, 1968, as amended, 35 P.S. §6001, *et seq.,* known as the Pennsylvania Solid Waste Management Act, resulted in a limited preemption of the field of regulation of sewage facility operations, including the disposal of the "sludge" from such operations. It follows that no municipality may enact an ordinance with provisions conflicting with a statute enacted by the legislature as to the requirements for licenses. *Girard Trust Company v. Philadelphia,* 336 Pa. 433, 9 A. 2d 883 (1939).

---

[1] The Department of Environmental Resources, by Act of December 3, 1970, P. L.    , No. 275, §20(14)(15), 71 P.S. §510-1(14)(15), was granted the power and given the responsibility to perform the duties by law heretofore vested in and imposed upon the Department of Health.

In *Western Pennsylvania Restaurant Association v. Pittsburgh,* 366 Pa. 374, 381, 77 A. 2d 616, 620 (1951), quoted with approval in *Harris-Walsh, Inc. v. Dickson City Borough,* 420 Pa. 259, 216 A. 2d 329 (1966), it was stated that "[i]t is of course self-evident that a municipal ordinance cannot be sustained to the extent that it is contradictory to, or inconsistent with, a state statute. . . ." *See Chester County v. Philadelphia Electric Company,* 420 Pa. 422, 218 A. 2d 331 (1966).

Accordingly, Ordinance No. 69-11 of Hempfield Township is invalid insofar as it regulates the Authority's sewage treatment plant and requires the Authority to obtain a license prior to the disposal of the "sludge" resulting from the operation of the treatment plant. All phases of the operation of the Authority's plant, including the disposition of the residual material resulting therefrom, are governed by the licensing procedures and regulations of the Department of Health established under the Pennsylvania Sewage Facilities Act and the Pennsylvania Solid Waste Act. It is immaterial to this litigation whether or not the Authority has complied with the permit requirements of the Act of July 31, 1968, as amended, 35 P.S. 6001, *et seq.* The Authority's operation of the sewage treatment plant is under a permit issued by the Department of Health and the disposal of "sludge" on the Hillis farm followed letter authorization from the Department of Health.

We conclude that the court below erred in finding Hempfield Township Ordinance No. 69-11 valid and constitutional as applied to the Greater Greensburg Sewage Authority.

Decree and judgment reversed and this case is remanded to the court below to enter an appropriate order granting the relief requested by the complaint in equity and not inconsistent with this opinion.

CONCURRING OPINION BY JUDGE ROGERS:

I concur with what the court has here done and with most of what it writes. I do not concur, however, with the implication of the concluding paragraphs of the majority opinion that by reason of asserted preemption by the Pennsylvania Sewage Facilities Act, 35 P.S. §750.1, *et seq.*, and the Solid Waste Management Act, 35 P.S. §6001, *et seq.*, a municipality may not impose its zoning regulations upon an Authority's activity of dumping sludge or other solid waste. *Upper Dublin Township Authority v. Piszek*, 420 Pa. 536, 218 A. 2d 328 (1966). *See also School District of Philadelphia v. Zoning Board of Adjustment*, 417 Pa. 277, 207 A. 2d 864 (1965).