Evelyn Davis, Executrix of the Estate of Lucile Ames, deceased, Appellant, *v.* Allegheny County Health Department and Department of Building Inspection of the City of Pittsburgh and Harold Cammon and Mrs. Harold Cammon, Appellees.

Argued November 8, 1974, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Martin Croissant*, for appellant.

*Wayne D. Gerhold*, Special Assistant County Solicitor, with him *Stephen A. Zappala*, County Solicitor, for appellee, Allegheny County Health Department.

*George J. Zweibel*, for appellees, Harold Cammon and Mrs. Harold Cammon.

OPINION BY JUDGE ROGERS, December 2, 1974:

Evelyn Davis, Executrix of the estate of Lucile Ames, has appealed from an order of the Court of Common Pleas of Allegheny County dismissing her appeal from a determination of the Allegheny County Health Department that rents of a dwelling owned by Lucile Ames in her lifetime remaining on deposit in an escrow account should be disbursed to a tenant.

The premises in question was certified unfit for human habitation on October 11, 1972, entitling the tenant, a Mr. Harold Cammon, to withhold payment of rent to the landlord but requiring the tenant to deposit the rent in an escrow account pursuant to the "Rent Withholding Act," Act of January 24, 1966, P. L. (1965) 1534, *as amended*, 35 P.S. §1700-1. The property continued to be unfit for habitation and so certified on April 13, 1973 and November 15, 1973. On February 9,

1974, after hearing, the County Health Department ordered the escrowed rent to be paid to the tenant as provided by the Act of Assembly just cited. The lower court affirmed.

If we understand the appellant's brief and argument, she complains first of a denial of due process because "a member of the health department cannot act as administrator and prosecutor." While employees of the Health Department inspected the property and certified it unfit, the hearing on the issue of these certifications and the disbursement of the rent withheld was not conducted by the inspectors but by a hearing examiner appointed for the purpose. On appeal, a hearing de novo was conducted in the court below. The appellant was represented in both proceedings by counsel. Obviously, the appellant's rights to due process were fully served throughout these proceedings.

The only other comprehensible argument advanced by the appellant in opposition to the court's order is based upon the fact that the rent withholding card authorizing deposit of the rents in escrow was by inadvertence issued by the Department to "Mrs. Harold Cammon," the name used by a woman then (and apparently now) living with Mr. Cammon, who visited the Department's offices at Mr. Cammon's request for the purpose of procuring the card. The record establishes that Mr. Cammon was the tenant on the lease, that he occupied the premises, that he supplied the money deposited in escrow, and that "Mrs. Cammon" makes no claim to the fund. The court below properly held that the money belongs to Mr. Cammon.

Affirmed.