Michael Manna and Florence Manna *v.* City of Erie, Mayor's Office of Community Affairs, Department of Public Safety, Division of Housing and Rent Withholding; and Gertrude Henry. Michael and Florence Manna, Appellants.

Argued October 27, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*J. Steven Xanthopoulos,* for appellant.

*Robert D. Hain,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, December 8, 1976:

This appeal arises under the "Local Agency Law," Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11301, and challenges the constitutionality of the City of Erie Rent Withholding Ordinance, Erie, Pa., Code §1926.01 (1968). At issue is whether due process requires that a hearing be held prior to the director of the Erie Bureau of Housing certifying a dwelling unfit for human habitation and suspending the right of the appellee-landlord to collect his rent. The lower court held that a hearing is necessary. We agree.

The City of Erie Rent Withholding Ordinance is based on and virtually identical to its enabling statute, the Act of January 24, 1966, P.L. (1965) 1534, *as amended*, 35 P.S. §1700-1.[1] The ordinance reads in pertinent part:

§1926.03 Termination of Rent Payment for Unfit Dwelling.

When the director of the Bureau of Housing certifies a dwelling unfit for human habitation, the duty of any tenant of such dwelling to pay, and the right of the landlord to collect rent, shall be suspended without affecting any other terms or conditions of the landlord-tenant relationship, until the tenancy is terminated for any reason other than nonpayment of rent.

Upon discovering violations, housing inspectors, pursuant to the ordinance, report to the director of the Bureau of Housing. The director, applying defined standards, determines whether a building is unfit for human habitation. Violations that are the responsibility of the tenant are not to enter into the determination.[2] There is no opportunity for a landlord to raise the issue of tenant responsibility prior to the classification of his property as uninhabitable although the

---

[1] The act does not violate substantive due process. *DePaul v. Kauffman*, 441 Pa. 386, 272 A.2d 500 (1971). Also, this Court has examined the procedural due process considerations of some aspects of the act. *Allegheny County v. Ligons*, 16 Pa. Commonwealth Ct. 74, 329 A.2d 878 (1974) ; *Davis v. Allegheny Co. Health Dep't*, 16 Pa. Commonwealth Ct. 13, 328 A.2d 589 (1974). The issue on appeal, however, has not been previously raised. The statute does not on its face offend procedural due process because implementation of the statute consistent with due process is conceivable. The validity of the implementation process must be addressed, however.

[2] "During the initial inspection for Rent Withholding those violations determined to be the responsibility of the tenant will not be assessed in the point total against the landlord." General Rules and Regulations, Rent Withholding Program, City of Erie, Pa. §13 (1970).

unfitness determination may be appealed to the Erie Board of Code Appeals. Upon such a determination the duty of the tenant to pay and the right of the landlord to collect rent is suspended. If the tenant continues to occupy the dwelling the withheld rent must be paid into an escrow account, payable to the landlord if the dwelling is certified as fit for human habitation within six months of the determination of unfitness. At the end of the six months, if the dwelling has not been certified as fit for human habitation, monies held in escrow are repaid to the tenant. A hearing, however, is granted if requested by a landlord on the issue of whether escrowed rents should be disbursed to tenants.

Fourteenth Amendment due process protections apply to any significant deprivation of property, whether temporary or permanent.

> The Fourteenth Amendment draws no bright lines around three-day, 10-day, or 50-day deprivations of property. Any significant taking of property by the State is within the purview of the Due Process Clause.

*North Georgia Finishing, Inc. v. DiChem, Inc.,* 419 U.S. 601, 606 (1975), *quoting Fuentes v. Shevin,* 407 U.S. 67, 86 (1972).

There can be no serious contention that the escrowing of rent for up to six months is not a significant deprivation of the use of a landlord's property.

We turn then to the nature of the procedural due process which must be afforded to landlords by the City of Erie. In doing so, it is necessary to recognize that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972). In balancing the interests of all parties the United States Supreme Court has examined three factors:

[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* U.S. , 47 L.Ed. 2d 18, 33 (1976).

The interest of a landlord in his rents and of the City of Erie in providing adequate housing and avoiding administrative burdens is clear. The governmental interest is not a justification, however, for denying a landlord his rents without a prior hearing. The determination of whether a dwelling is unfit for human habitation is less clear cut than the issues involved in *Mathews v. Eldridge, supra,*[3] and raises a substantial risk of an erroneous deprivation of property. This is especially true within the context of the ordinance's fault-oriented scheme. *See Bell v. Burson,* 402 U.S. 535 (1971). Because of the risk of an erroneous deprivation, we hold that to satisfy the demands of due process a hearing is required before the City of Erie may suspend the right of a landlord to collect his rent.

This is not to say that a full evidentiary hearing is necessary. The fact that the deprivation is temporary, that an evidentiary hearing is available before the final disbursement of escrowed rents, and that two full evidentiary hearings within six months would be a heavy administrative burden indicate that something less than a judicial-like hearing is necessary. A landlord must at least, however, be provided with notice

---

[3] The Court held that where there is little risk of an erroneous decision a hearing prior to termination of certain benefits is not necessary to satisfy due process when a post-termination hearing is available.

of the action, a copy of the alleged violations, reasonable time to file a written response, and an opportunity for an oral appearance. The procedure utilized by the City of Erie fails to meet these standards and cannot be sustained.

Accordingly, we will enter the following

ORDER

Now, December 8, 1976, the order of the Court of Common Pleas of Erie County, dated January 8, 1976, is affirmed and the appeal is dismissed.