Holland Enterprises, Inc., Appellant *v.* Isadore Joka, Building Inspector of Buckingham Township and The Buckingham Township Board of Supervisors, Appellees.

Argued November 19, 1981, before Judges MEN-
CER, ROGERS and CRAIG, sitting as a panel of three.

*Richard P. McBride,* with him *William H. Fuss,
Power, Bowen & Valimont,* for appellant.

*Sandra K. Slade, Pitt, Agulnick, Supplee, Johnson & Slade,* for appellees.

OPINION BY JUDGE ROGERS, January 18, 1982:

The single issue before us in this case is the validity of Ordinance No. 6-76 of the Township of Buckingham, Bucks County, Pennsylvania, a township of the Second Class, which provides in Section 2 as follows:

> The Builder of any residential dwelling and/or industrial building and/or any other building or structure proposed to be constructed within Buckingham Township requiring an individual on-site sanitary sewage disposal system shall post with the Township a Bond secured by corporate surety or such other sureties as might be required by the Board of Supervisors guaranteeing the proper functioning of said individual on-site sanitary sewage disposal system. The amount of the Bond shall be Two Thousand Five Hundred Dollars ($2500) or the cost of installing said system, including materials, whichever is greater. The Bond or other approved guarantee shall be in effect for two years after the date that the building is first occupied on a permanent basis.

The facts are undisputed. Holland Enterprises is the owner of a parcel of land in Buckingham Township on which it has constructed a single family detached dwelling and related improvements including an on-site sanitary sewage disposal system which is the subject of an installation permit and a certificate of compliance issued by the Bucks County Department of Health pursuant to the Pennsylvania Sewage Facilities Act.[1] Following the completion of these improve-

---

[1] Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §750.1 *et seq.*

ments and the receipt of a final inspection by the Township Building Inspection Department the appellant made application to Isadore Joka, the township building inspector, for the issuance of a certificate of use and occupancy necessary to consummate an agreement of sale entered into between the appellant and another. This application was denied on the ground that the appellant had failed to post the bond required by the ordinance provision above quoted. The appellant then brought an action in mandamus to compel the defendant to issue the requested certificate and challenging the validity of the ordinance relied on by the defendant. The Court of Common Pleas of Bucks County refused the relief requested and upheld the challenged ordinance.

The appellant here renews arguments that Ordinance No. 6-76 represents an unreasonable exercise of the Township's governmental power, thereby denying the appellant due process of the laws; that it is unconstitutionally vague; and that its subject matter is beyond the township's power of regulation as having been preempted by statewide legislation.

We reject the contention that Ordinance 6-76 has been preempted by the Pennsylvania Sewage Facilities Act. The general rule is:

In determining whether, by the enactment of the specific statute, the Commonwealth completely barred a municipality's enactment of an ordinance relating to the same field, we will refrain from striking down the local ordinance unless the Commonwealth has explicitly claimed the authority itself, or unless there is such actual, material conflict between the state and local powers that only by striking down the local power can the power of the wider constituency be protected.

*United Tavern Owners of Philadelphia v. Philadelphia School District,* 441 Pa. 274, 280, 272 A.2d 868, 871 (1971). *See also City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 185, 360 A.2d 607, 613 (1976); *Retail Masters Bakers Association v. Allegheny County,* 400 Pa. 1, 4, 161 A.2d 36, 37 (1960); *Greene Township v. Kuhl,* 32 Pa. Commonwealth Ct. 592, 594, 379 A.2d 1383, 1385 (1977).

The appellant has brought to our attention no provision of the Act which expressly indicates the legislature's intent to preempt the field regulated by the township's ordinance. Indeed, the Act depends on and requires the cooperative action of municipalities in, for example, the preparation of local plans for the provision of sewage services. In addition, regulations of the Department of Environmental Resources, adopted pursuant to Section 9 of the Act, 35 P.S. §750.9 provide that

> Municipalities, . . . may adopt and enforce ordinances, regulations, procedures, or standards which are not inconsistent with the act or the rules and regulations relating to the act.

25 Pa. Code §71.35(b).

Even if municipal regulation of sewage facilities is not barred entirely "[i]t is, of course, self-evident that a municipal ordinance cannot be sustained to the extent that it is contradictory to, or inconsistent with, a state statute." *Western Pennsylvania Restaurant Association v. Pittsburgh,* 366 Pa. 374, 381, 77 A.2d 616, 618 (1951). *See Greater Greensburg Sewage Authority v. Hempfield Township,* 5 Pa. Commonwealth Ct. 495, 291 A.2d 318 (1972) (invalidating as in conflict with the Sewage Facilities Act an ordinance requiring the authority to obtain a license before dumping sludge in accordance with a permit and letter authorization of the county department of health). Nevertheless,

where the legislature has assumed to regulate a given course of conduct by prohibitory enactments, a municipal corporation with subordinate power to act in the matter may make such additional regulations in aid and furtherance of the purpose of the general law as may seem appropriate to the necessities of the particular locality and which are not in themselves unreasonable.

*Western Pennsylvania Restaurant Association v. Pittsburgh, supra.* 366 Pa. at 381, 77 A.2d at 618 quoting *Natural Milk Producers Association v. City and County of San Francisco,* 20 Cal.2d 101, 109, 124 P.2d 25, 29 (1942). *See Open Pantry Food Marts v. Hempfield Township,* 37 Pa. Commonwealth Ct. 423, 426-427, 391 A.2d 20, 21 (1978).

Reserving momentarily the issue of the reasonableness of Ordinance 6-76, it is conceded by the appellant that no provision of the Sewage Facilities Act is in direct conflict with the ordinance by either requiring the posting of security with respect to a disposal system or forbidding such a requirement. The requirement that a builder guarantee the proper functioning of a system he installs does not interfere with the stated purposes of the Act to, *inter alia,* protect the public health and welfare and to control pollution in the Commonwealth and the appellant has not indicated any sense in which ''only by striking down the local power can the power of the wider constituency be protected.'' *United Tavern Owners of Philadelphia v. Philadelphia School District,* supra.

We now turn to the appellant's alternative argument that Ordinance 6-76 is unreasonable and, therefore, beyond the township's power to enact. ''A second-class township is but a political subdivision of the Commonwealth and has, therefore, only those

powers which are granted it by the legislature.''
*Commonwealth v. Hanzlik*, 400 Pa. 134, 136, 161 A.2d
341 (1960). In this regard, the appellee and the
Court below rely on nothing more specific than the
statutory grant of general powers contained in Sec-
tion 702 of the Second Class Township Code,[2] which
authorizes Second Class Townships ''to take all need-
ful means for securing the safety of persons or prop-
erty within the township, including the power to adopt
ordinances defining disturbing the peace within the
limits of the township. . . .''

Concerning the scope of the power granted by
Section 702 our Supreme Court has written:

> [T]he township argues that §702 grants the
> 'widest possible powers to the Township Super-
> visors for the purpose of allowing them to take
> whatever appropriate measure might be neces-
> sary for securing the safety of persons or prop-
> erty within the Township.' In our view, the
> township somewhat inflates the legislative dele-
> gation of police power under §702. An exam-
> ination of §702 indicates that its language is
> most inappropriate and inadequate to evidence
> any intent on the part of the legislature to dele-
> gate to second class townships vast and exten-
> sive police powers; certainly no intent is mani-
> fest or evident to grant powers to second class
> townships to act in areas where the Common-
> wealth itself, through legislative enactments,
> has provided regulation.

*Commonwealth v. Ashenfelder*, 413 Pa. 517, 522, 198
A.2d 514, 516 (1964).

Moreover, it is well established that the inter-
position in behalf of the public of the authority of the

---

[2] Act of May 1, 1933, P.L. 103, §702 added by the Act of August
27, 1963, P.L. 1280, 53 P.S. §65762.

Commonwealth or its subdivisions is justified only
if it appears "first, that the interests of the public
. . . require such interference; and second, that the
means are reasonably necessary for the accomplish-
ment of the purpose, and not unduly oppressive upon
individuals." *Lawton v. Steele,* 152 U.S. 133, 137
(1894) approved in *Commonwealth v. Barnes & Tucker
Co.,* 455 Pa. 392, 418, 319 A.2d 871, 885 (1974); *Cott
Beverage Corp. v. Horst,* 380 Pa. 113, 119, 110 A.2d
405, 407-408 (1955); *Philadelphia Chewing Gum Corp.
v. Department of Environmental Resources,* 35 Pa.
Commonwealth Ct. 443, 456-457, 387 A.2d 142, 148-149
(1978). Stated otherwise,

'a law which purports to be an exercise of the
police power must not be unreasonable, unduly
oppressive, or patently beyond the necessities
of the case, and the means which it employs
must have a real and substantial relation to the
objects sought to be obtained. Under the guise
of protecting the public interests the legislature
may not arbitrarily interfere with private busi-
ness or impose unusual and unnecessary re-
strictions upon lawful occupations.'

*Cott Beverage Corp. v. Horst, supra,* 380 Pa. at 118,
110 A.2d at 407. *See also Eller v. Board of Adjust-
ment,* 414 Pa. 1, 6, 198 A.2d at 863, 865-866 (1964).

The Commonwealth has provided extensive regu-
lation in the area of sewage treatment facilities. Sec-
tion 7(a) of the Pennsylvania Sewage Facilities Act,
35 Pa. P.S. §750.7(a), forbids the construction or in-
stallation of an individual sewage system in the ab-
sence of a permit to be issued in this instance by the
county department of health "indicating that the site
and the plans and specifications of such system are
in compliance with the provisions of this act and the
standards adopted pursuant to this act." In addi-

tion, the department of health or other local enforcement agency may not "issue permits for individual sewage systems . . . unless the system proposed is consistent with the official plan of municipalities in which said system is to be located." 35 P.S. §750.7 (b)(4). The installation of each system must be approved before the system is covered from view. 35 P.S. §750.7(b)(3). Finally, the permit must be revoked if it is determined that information provided in order to obtain the permit was falsified or was predicated on an improperly conducted test; or that the original decision to issue the permit was not in accord with the applicable rules and regulations; or that a change in the physical conditions of the lands on which the system is installed materially affects the operation of the system. 35 P.S. §750(b)(6).

Ordinance 6-76, then, required the appellant to give a substantial money guarantee for the proper functioning of a sewage disposal system which had already been subjected to approval by the county department of health of its every detail—design, specifications, siting and installation. The county department of health is the agency to which the Commonwealth by the Pennsylvania Sewage Facilities Act has delegated the responsibility "[of] protect[ing] the public health, safety and welfare of its citizens through the development and implementation of plans for the sanitary disposal of sewage waste" and "[of] encourag[ing] the use of the best available technology for on-site disposal systems." 35 P.S. §750.3(1) and (6). The design, siting and installation of the sewage system here involved having been approved it is difficult to understand what the money guarantee exacted from the builder is intended to insure against except abuses of the system by others, including its users.

The imposition on the developer of strict liability in the case of the functional failure of an approved sewage disposal system seems to us to far exceed the necessities of the case and to deal only with who shall pay in the event that an approved sewage disposal system malfunctions; a matter of great moment to the user but of no concern to the public generally.[3] Ordinance 6-76 provides that regardless of the cause of the malfunction it must be rectified at the developer's expense. In our judgment such a measure, amounting to the requirement that the developer be an insurer of the approved system he installs and without provision for a different result in the event that the system fails on account of a natural catastrophe or the intentional or negligent act of the user, is unreasonable and unduly burdensome, and therefore, beyond the township's power to enact. *Cf. Philadelphia Chewing Gum Corp. v. Department of Environmental Resources, supra.*[4]

[3] Of course, the township possesses statutory authority sufficient to address the impact on the public health of a malfunctioning system. *See* Section 12 of the Pennsylvania Sewage Facilities Act, 35 P.S. §750.12; Section 702 Clause 12 of the Second Class Township Code, *as amended*, 53 P.S. §65.712.

[4] Appellee contends that the ordinance does not impose liability without fault on the guarantor because the guarantor retains some unspecified "proper right to resist payment out of the guarantee. . . if opening of the malfunctioning system leads to discovery of a stray sock or hairbrush or other similar obstruction obviously not intended to be in the system. . . ." Appellee concludes, citing *Manna v. City of Erie*, 27 Pa. Commonwealth Ct. 396, 366 A.2d 615 (1976) "[t]hat the ordinance does not speak to fault, cannot be considered a fatal flaw since, plainly, implementation of the ordinance consistently with due process is conceivable." In *Manna* the issue was whether procedural due process required that a hearing be held prior to the certification of a rental dwelling as unfit for human habitation pursuant to the City of Erie's Rent Withholding Ordinance. We held that a hearing was required by the Fourteenth Amendment noting that "[t]he statute does not on its face offend

As a further indication of the extent to which the ordinance here challenged goes beyond that which is necessary to protect the public welfare, we note that with respect to public sewage disposal facilities the legislature has specifically empowered municipalities to require

> the posting of financial security to secure structural integrity of said improvements as well as the functioning of said improvements in accordance with the design and specifications as depicted on the final plat for a term not to exceed eighteen months from the date of acceptance of dedication. . . . [T]he amount of the financial security shall not exceed fifteen per cent of the actual cost of the installation of said improvements.

Section 509 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10509. Here the term and the amount of security required by the township in the case of purely private sewage disposal systems are greatly in excess of that considered by the legislature to be sufficient to protect the general welfare in the case of

---

*procedural due process* because implementation of the statute consistent with due process is conceivable." (Emphasis added.) *Id.* at 398 n. 2, 366 A.2d at 615 n. 2. Here, however, substantive, not procedural, due process is at issue and we must judge whether Ordinance 6-76 is a reasonable exercise of the township's governmental power by an analysis of its terms. An unreasonable ordinance is not saved, as appellee suggests, by the possibility of selective implementation governed by criteria not contained in the ordinance. Appellant does not argue that he must be afforded a hearing prior to the forfeiture of the guarantee. Indeed a hearing would avail him nothing because under this ordinance the only subject of the hearing would be that of whether the sewage disposal system had malfunctioned requiring its improvement solely at the developer's expense.

sewage disposal systems dedicated to and used by the public generally.

Moreover, Section 509 continues:

> If water mains or sanitary sewer lines, or both, along with apparatus or facilities related thereto, are to be installed under the jurisdiction and pursuant to the rules and regulations of a public utility or municipal authority separate and distinct from the municipality, financial security to assure proper completion and maintenance thereof shall be posted in accordance with the regulations of the controlling public utility or municipal authority and shall not be included within the financial security as otherwise required by this section.

Thus with respect to public sewage disposal systems the design and installation of which are subject to the regulations and approval of an expert regulatory body, the legislature has expressly withheld from municipalities the power to compel the posting of additional security. No reason has been offered why a municipality requires greater power in the case of a purely private sewage disposal system regulated and approved by the county department of health.

Order reversed. Remanded for entry of judgment in favor of the Petitioner.

### ORDER

AND Now, this 18th day of January, 1982, the order of the Court of Common Pleas of Bucks County is reversed. The record is remanded with direction that judgment be entered in favor of the petitioner directing the respondent to issue the certificate of use and occupancy applied for.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.