## North Newtown Township v. Singer

*Robert L. O'Brien*, for plaintiff.
*Hamilton C. Davis*, for defendant.

BAYLEY, *J.*, June 25, 1985—

### FACTS AND ISSUES

Defendant, Lloyd G. Singer, is the owner of an 80-acre tract of land located in North Newton Township, Cumberland County, Pa. In proposing to build a one-family residential dwelling on this site,

he applied for a building permit and a sewage system permit. He was issued a sewage system permit requiring the installation of a "sand mound" on-site disposal system. The application for this permit noted that the nearest private source of water from the proposed sewage disposal system is 100 feet.

Plaintiff, North Newton Township, filed a complaint in equity averring that it was not notified of the completion of the system in order that it could have a final inspection performed prior to the covering over of the system. Both parties have stipulated that defendant installed a "conventional" system rather than the "sand mound"system authorized by the permit. The township seeks an order enjoining defendant or anyone else from utilizing the residence now served by the "conventional" system until such time as a "sand mound" system is installed and approved by an appropriate township official.

The parties have filed a stipulation of facts and agree that these facts provide a sufficient record for the court to decide the legal issues raised in their cross motions for summary judgment.

Defendant maintains that plaintiff's complaint must be dismissed because: (1) the township was without legal authority to require him to obtain any permit prior to his installation of the "conventional" on-site sewage system; (2) the township's applicable ordinance is unclear and arbitrary.[1]

## DISCUSSION AND CONCLUSIONS

North Newton Township Ordinance no. 5-6-68-A requires a permit for all on site sewage facilities in

---

1. Defendant's new matter averred that plaintiff did not comply with required notice requirments. However, this claim has not been briefed and made an issue before the court. Accordingly, it is waived. Pa.R.C.P. 210-4.

the township, and further requires approval of all systems installed pursuant to permits before they are covered over and utilized. The Pennsylvania Sewage Facilities Act was enacted and includes these goals:[2]

"(1) To protect the public health, safety and welfare of its citizens through the development and implementation of plans for the sanitary disposal of sewage waste . . . (3) to prevent and eliminate pollution of waters of the Commonwealth by coordinating planning for the sanitary disposal of sewage waste with a comprehensive program of water quality management (4) to provide for the issuance of permits for on-lot sewage disposal systems by local government in accordance with uniform standards and to encourage inter municipal cooperation to this end . . . (6) to encourage the use of the best available technology for on-site sewage disposal systems."

Section 7(a) of the act provides, in pertinent part:

"No permit may be issued by the local Agency in those cases where . . . the [Department of Environmental Resources] pursuant to its rules and regulations, determines that such permit is not necessary . . . for a rural residence . . . " 35 P.S. §750.7(a).

Section 2 of the act defines "rural residence" as "[a] structure occupied or intended to be occupied by not more than two families on a tract of land of 10 acres or more." 35 P.S. §750.2. The Department of Environmental Resources (DER) has promulgated regulations at Title 25 Pa. Code, Chapter 71.4(b), that provide in pertinent part:

"[a] permit shall not be required under this subchapter for a rural residence . . . provided, however, that a municipality or country may by ordi-

2. Act of, January 24, 1966 P.L. (1965), §3. As amended July 22, 1974 P.L. 621, §3, 35 P.S. §750.3.

nance require a permit for a rural residence since mere lot size will not in all cases or circumstances preclude the creation of a public health hazard or prevent pollution of the waters of the Commonwealth."

Defendant claims that he is exempted from any local regulation that would require him to obtain a permit from a local agency or any other approval to operate his conventional on-site sewage system for his rural residence located on his 80-acre tract. We disagree.

The legislature, in passing the Pennsylvania Sewage Facility Act, clearly left to the Department of Environmental Resources, through its authority to promulgate rules and regulations, the determination of whether to allow local agencies the authority to require permits for and regulate on-site sewage systems for rural residences. The DER's regulations do not require a permit for rural residences but specifically allow local agencies authority to regulate on-site sewage systems for local residences by requiring that these systems may only be installed under a permit. The Pennsylvania Sewage Facilities Act does not create an exception for rural residences, rather it authorizes the DER to create an exception where the department determines that a permit is not necessary.

The department, recognizing that various factors on the ground may create a public health hazard, or pollution of the waters of the Commonwealth, has continued to allow local agencies the authority to regulate on-site sewage systems even for rural residences in excess of 10 acres. The authority to do this is contained in the act. While the Legislature could have preempted regulation in this field, it has chosen not to do so. The Sewage Facilities Act has

only resulted in a limited preemption of the field of regulation of sewage facility operations. Greater Greensburg Sewage Authority v. Hempfield Township, 5 Pa. Commw. 495, 291 A.2d 318 (1972), Holland Enterprises v. Joka, 64 Pa. Commw. 129, 439 A.2d 876 (1982). The authority of a local agency to regulate sewage facility operations is only limited where its regulations conflict with provisions of the Sewage Facilities Act or DER regulations promulgated in furtherance of the authority vested in it by the act. No conflict exists on the facts of this case.

Defendant also challenges the North Newton Township's ordinance upon a claim that it is an invalid exercise of police power. "A court may declare an ordinance to be an invalid exercise of police power only where it is proved that its provisions are clearly unreasonable and have no relation to public safety." Open Pantry Food Marts v. Commonwealth ex rel. Hempfield, 37 Pa. Commw. 423, 391 A.2d 20 (1978). We find that the subject North Newton Township ordinance is reasonably related to the regulation of the public health. To be reasonable "it must relate to the object which it purports to carry out, and it must not invade the fundamental liberties of the citizens." Commonwealth v. Sterlace, 24 Pa. Commw. 62, 354 A.2d 27 (1976). This ordinance requires, as authorized by DER regulations, that a permit be required to install an on-site sewage system on all property throughout the township, and that the sewage system ultimately installed meets reasonable requirements designed to protect public health and to eliminate pollution of the waters of the Commonwealth. Acting on the authority of its local ordinance, the township has allowed the installation of a "sand mound" system that meets

these standards, something that defendant has failed to do.[3]

Additionally, for this ordinance to be invalid as unreasonable, defendant would have to prove that its application is unreasonable as to him. Kistler v. Swarthmore Borough, 134 Pa. Super. 287, 4 A.2d 244 (1938); Palumbo Appeal, 166 Pa. Super. 557, 72 A.2d 789 (1950). Defendant's permit application states that the nearest source of water to his system is 100 feet. We find that it is not unreasonable as to this defendant to require a permit to construct a "sand mound" system on the facts of this case.

Finally, defendant argues that the township ordinance is unclear and arbitrary. This argument is frivolous since the ordinance clearly provides in section 2 that it applies to all sewage disposal systems, in that: "No person shall make or cause to be made connections of his property with any private or public sewer systems until he has fulfilled all the following conditions. . . ." Subsection (b) requires that a permit be obtained. This is as clear as a bell. The ordinance is applied uniformly to all property owners and allows the township to impose reasonable requirements for each on-site sewage disposal system as is necessary to protect public health and prevent pollution of the waters of the Commonwealth.

Since defendant has installed and is operating an on-site sewage system on his property, in violation of the requirements set forth in the permit issued to

---

3. Contrast those cases which have struck down ordinances as being absolutely prohibitive. See for example, Commonwealth ex rel. Allegheny Co. v. Shenot, 207 Pa. Super. 351, 218 A.2d 76 (1966) and Otto Milk Co. v. Rose, 375 Pa. 18, 99 A.2d 467 (1953).

him by North Newton Township, the township is entitled to relief.

## DECREE NISI

And now, this June 25, 1985:

1. Defendant's motion for summary judgment, is denied;

2. Plaintiff's motion for summary judgment, is granted;

3. It is ordered, adjudged and decreed that;

(a) Defendant, Lloyd G. Singer, or anybody acting on his behalf, is permanently enjoined from August 27, 1985 forward, from living in or utilizing for human habitation, his residence located in North Newton Township, Cumberland County, Pa., which is situate on land described in a deed recorded in the Cumberland County Recorder of Deeds Office in Deed Book "R", Volume 29, page 952, until an on-site sewage disposal system for said residence has been installed, inspected and approved as being in compliance with the permit issued for same by North Newton Township;

(b) Defendant shall pay the costs of these proceedings.

The prothonotary is directed to enter this decree nisi and send a copy of this opinion and order to the parties' counsel by regular mail. If no exceptions are filed by any party to this order within 10 days after the entry thereof, it shall be entered by the prothonotary as a final decree.