Open Pantry Food Marts, Appellant *v.* Commonwealth of Pennsylvania ex rel. Township of Hempfield, Appellee.

Martin Oil Service, Inc., Appellant *v.* Commonwealth of Pennsylvania ex rel. Township of Hempfield, Appellee.

Argued May 1, 1978, before Judges MENCER, ROGERS and DISALLE, sitting as a panel of three.

*Mark K. McNally,* with him *Brandt, Milnes, Rea and Malone,* for appellants.

*Thomas J. Godlewski,* for appellee.

OPINION BY JUDGE MENCER, September 5, 1978:

Defendants Open Pantry Food Marts and Martin Oil Service, Inc., were summarily convicted of violating Township of Hempfield Ordinance 77-1, which regulates the dispensing of gasoline at service stations. The defendants appealed to the Court of Common Pleas of Westmoreland County, contending that Ordinance 77-1 was an improper exercise of the police power and in conflict with regulations adopted by the Pennsylvania State Police. When the Court of Common Pleas affirmed the convictions, the defendants appealed to this Court. We affirm.

The ordinance in question, which by its terms applies to all retail gasoline service stations in the Township of Hempfield, requires that the dispensing of gasoline into vehicles be supervised by a trained attendant located within "fifteen (15) feet of the point of dispensing . . . at all times during the dispensing." An exception to this rule is granted where the attendant is located in a booth on a "pump island," which booth must contain a "control panel" controlling all of the pumps at the station.

The defendants each operate a self-service type gasoline station in the Township. It was stipulated before the lower court that the defendants did permit customers to dispense gasoline while no trained attendant was within 15 feet or in an appropriate "island booth."

The defendants first contend that Ordinance 77-1 is void as being in conflict with regulations adopted by the Pennsylvania State Police pursuant to Section 1 of the Act of April 27, 1927, P.L. 450, *as amended,* 35 P.S. §1181 (granting authority to State Police to adopt regulations governing, *inter alia,* the use, storage, and sale of gasoline). The regulations relied upon by the defendants are located at 37 Pa. Code §13.115 and provide, *inter alia,* as follows:

§13.115. Special and automatic dispensers.

(a) Approved special dispensing devices [such as customer-operated pumps] are permitted at service stations, if there is at least one qualified attendant on duty while the station is open to the public. The primary function of the attendant shall be to supervise, observe and control the dispensing of flammable or combustible liquids while such liquids are being dispensed. The attendant shall prevent the dispensing of class I liquids into portable containers that do

not comply with the provisions set forth in §13-.111 of this Title (relating to storage and handling), control sources of ignition, and immediately handle accidental spills and fire extinguishers if needed.

. . . .

(c) Emergency controls, including main power shut off switch or switches, shall be installed at a location not more than 15 feet from the principal control location of the attendant and not more than 100 feet from the dispensers.

. . . .

(g) At all times during the dispensing of flammable or combustible liquids, the attendant shall remain within arms length distance of the remote control facilities at the principal location.

The defendants read these provisions to require that the attendant on duty at a self-service station be located *more* than 15 feet from the point of dispensing.[1] We see nothing in the regulations that so specifies. There is nothing to even suggest that the "remote control facilities" (within arm's length of which the attendant must remain, under subsection (g)) cannot be located within 15 feet of the point or points of dispensing, or in an appropriate "island booth."[2] It has long been recognized that municipalities have the power to impose restrictions which are in addition to those im-

---

[1] The testimony of the official who drafted the regulations suggested that he would prefer the attendant to be located at some unspecified distance from the point of dispensing rather than in the immediate vicinity. It is apparent that this preference was not incorporated into the regulations as adopted.

[2] Another option is to locate the "remote control facilities" elsewhere and employ two attendants, one to man the "remote control facilities" and one to remain within 15 feet of the point of dispensing.

posed by state regulations. *See, e.g., Western Pennsylvania Restaurant Ass'n. v. Pittsburgh,* 366 Pa. 374, 381, 77 A.2d 616, 620 (1951). This is what the Township has done in Ordance 77-1.

The defendants also contend that the ordinance bears no substantial relationship to the public health, safety, or welfare and is therefore an unconstitutional exercise of the police power. They rely upon the testimony of a State Police fire marshall who pointed out that an attendant in close proximity to the point of dispensing is more likely to be engulfed in any fire which may develop and would be unable to fight the fire or cut off the flow of gasoline to the pumps. The legislative body of the Township may reasonably have believed, however, that an attendant close to the point of dispensing is in a better position to *prevent* the occurrence of a fire. Such an attendant would be close to the customers and could assist those unfamiliar with the operation of the pumps. He would be better able to prevent spills and to immediately manage spills which occur. Moreover, such an attendant may more effectively observe and discourage careless and illegal acts such as smoking than an attendant located at a distance.

A court may declare an ordinance to be an invalid exercise of the police power only where it is proved that its provisions are clearly unreasonable and have no relation to public safety. *See, e.g., Pyle v. Harmar Township Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 4, 340 A.2d 613 (1975). As the discussion above indicates, this cannot be said of Ordinance 77-1.[3]

Orders affirmed.

---

[3] The defendants, relying on *Beaver Gasoline Co. v. Zoning Hearing Board of the Borough of Osborne,* 1 Pa. Commonwealth Ct. 458, 275 A.2d 702 (1971), *vacated,* 445 Pa. 571, 285 A.2d 501 (1971), contend that Ordinance 77-1 effectively excludes self-service stations and

### ORDER IN 2106 C.D. 1977

AND Now, this 5th day of September, 1978, the order of the Court of Common Pleas of Westmoreland County, dated October 14, 1977, convicting Open Pantry Food Marts of a summary offense and imposing a fine of $25 plus costs, is hereby affirmed.

### ORDER IN 2172 C.D. 1977

AND Now, this 5th day of September, 1978, the order of the Court of Common Pleas of Westmoreland County, dated October 14, 1977, convicting Martin Oil Service, Inc., of a summary offense and imposing a fine of $25 plus costs is hereby affirmed.

---

that the Township therefore had a heavier burden to prove that such a drastic measure was justified. The contention that self-service stations have been excluded rests on two assumptions: (1) that compliance with the State Police regulations as well as the ordinance necessarily requires two attendants, and (2) that self-service stations with two attendants are not economically feasible. Neither assumption is supported by the record.