## Sears, Roebuck and Co. v. Bensalem Township Board of Supervisors

Before Beckert, *P.J.*, Rufe and Kelton, *JJ.*

*Arnold J. Bennett*, for appellant.
*Henry F. Huhn*, for Township Board of Supervisors.

KELTON, *J.*, March 13, 1979—We are asked to determine in these proceedings whether the Bensalem Township Board of Supervisors may totally prohibit a so-called "self-service" facility for the retail dispensing of gasoline in a zoning district in which an otherwise lawful gasoline service station is permitted. We hold that it may not.

We will not attempt to recite in detail all of the convoluted procedural steps which have been taken to present this relatively simple issue to the court for decision. Many of them, in our opinion, have no bearing on our ultimate disposition of the case. It is sufficient to note that after hearings before the zoning hearing board which were held pursuant to an application for a variance or special exception to permit conversion of a lawful regular service station to a self-service station which was first submitted 16 months ago, a request for curative amendment was thereafter filed pursuant to section 1004(1)(b) of the Pennsylvania Municipalities Planning Code ("MPC").[1]

After one abortive attempt to amend their zoning ordinance by a revision which was defective on procedural grounds, the supervisors finally passed an amended ordinance which provided that "any use not permitted in any other zoning district . . .

---

1. Act of June 1, 1972, P.L. 333, sec. 1004, 53 P.S. §11004.

shall be permitted in the M-2 General Manufacturing District provided it is not offensive, noxious or hazardous . . ."

The foregoing amendment, it is now argued by the supervisors, cures the earlier admittedly unconstitutional exclusion created by section 605.2 of a zoning ordinance amendment adopted on March 21, 1973. That section provided that as to special commercial districts, gasoline service stations ". . . which . . . offer to the public . . . self-service facilities . . . rather than having such services performed by salaried employees . . . or the service station operator, are *expressly prohibited in this district or in any other district classification*." (Emphasis supplied.)

We hold, however, that whether the Bensalem zoning ordinance is interpreted as a municipality-wide exclusion of self-service gas stations or merely a relegation of such stations to the heavy manufacturing district only, either such exclusion constitutes an improper attempt to regulate through its zoning ordinances an area which the state has already preempted. Under the Act of April 27, 1927, P.L. 450, sec. 1, as amended, 35 P.S. §1181, the legislature granted to the Pennsylvania State Police the power to ". . . adopt and enforce rules and regulations governing the having, using, storage, sale, and keeping of gasoline, naphtha, kerosene, fuel oil, or other substance of like character." Pursuant to this authority, the State Police have in fact adopted regulations which now appear at 37 Pa. Code §§11.1 to 13.226 inclusive.

37 Pa. Code §11.4(c) provides: "This Subpart applies throughout this Commonwealth, except in Philadelphia County and Allegheny County, and does not supersede any additional regulations or

requirements not in conflict with this Subpart promulgated pursuant to authority of law by any political subdivision. *If any of the provisions of this Subpart are in conflict with any regulation or requirement promulgated by any political subdivision listed above, this Subpart shall be applicable."* (Emphasis supplied.) The regulation then goes on to cover generally the storage and use of flammable liquids such as gasoline.

Sections 13.111 et seq. provide regulations for service stations of all types, and section 13.115 applies specifically to self-service operations. The initial sentence of section 13.115 reads: *"Approved special dispensing devices such as, but not limited to, . . . remote preset types are permitted at service stations,* if there is at least one qualified attendant on duty while the station is open to the public." (Emphasis supplied.) Other detailed regulations which are not presently relevant then cover detailed safety procedures for self-service station construction and operation.

The township's total prohibition of self-service stations in areas where other stations are permitted thus clearly creates a conflict between the state police regulation and the ordinance.

The only case, to our knowledge, addressing the effect of section 13.115 on a zoning ordinance is Open Pantry Food Marts v. Com., 37 Pa. Commonwealth Ct. 423, 391 A. 2d 20 (1978), cited in the parties' briefs. In our opinion, the Open Pantry case is clearly distinguishable from this case, as it involved an ordinance which did not prohibit self-service stations, but merely added a requirement that the statutorily mandated attendant be within 15 feet of the pumps, or in a booth on a "pump island." Since the local ordinance restriction in

Open Pantry was an additional regulation or requirement covering a subject not touched upon in the state regulation it was held to be not in conflict with the state regulation. The ordinance accordingly was upheld.

The instant case instead parallels much more closely the well-established line of cases dealing with attempts by townships to regulate the sale of liquor through zoning ordinances. The leading case in this area is Sawdey Liquor License Case, 369 Pa. 19, 85 A. 2d 28 (1951). There, the court held that, while a zoning ordinance may properly exclude all hotels or taverns completely from a particular zoning district, an entirely different question arises when the municipality attempts to regulate the details of the operation of a permitted business with regard to the sale of liquor, that area having been completely preempted by state regulation. The court drew an analogy to allowing drugstores, but prohibiting sales of candy, or allowing grocery stores, but prohibiting the sale of bread. The fact that the ordinance might have been held to be reasonable under the police power was considered to be irrelevant in light of the State's preemption.

Hilovsky Liquor License Case, 379 Pa. 118, 108 A. 2d 705 (1954), is in accord, and perhaps closer to our factual situation. There, restaurant owners operating with a liquor license in an industrial district wished to transfer their business to a commercial district, where restaurants were a permitted use, so long as they did not sell liquor. In reliance on Sawdey, supra, the court held that the owners could relocate as a matter of right under the ordinance without having to relinquish their license.

Also following Sawdey is Munhall Borough Council Appeal, 175 Pa. Superior Ct. 320, 327-8, 104 A. 2d 343 (1954), wherein it was said:

"Assuming for the moment, however, that the Borough is correct in stating that its zoning ordinance 'specifically and clearly' prohibits the sale of intoxicating liquor in any but the Industrial District, in view of the fact that restaurants are permitted in an area where the sale of liquor is prohibited, we think that the Sawdey Liquor License Case, 369 Pa. 19, 85 A. 2d 28, would require us to hold the prohibition invalid."

By analogy to these cases, local regulations may add additional reasonable requirements as to dispensing gasoline as in Open Pantry, supra, but they cannot validly prohibit self-service gas stations from areas in which regular stations are permitted.

We now address ourselves to the provisions of the Act of October 5, 1978, P.L. ＿＿＿. (No. 249).

Sears Roebuck's curative amendment request was filed with the township on May 2, 1978. The appeal from the deemed denial of the validity challenge was filed on September 12, 1978, and Act 249 became effective on October 5, 1978. Under section 8(a) of Act 249, the procedures established by section 1011 of the MPC (relating to judicial relief) are intended to apply to "substantive challenges within the jurisdiction of any court on the effective date of this act." Accordingly, in granting the judicial relief to the appellant Sears Roebuck and Co. we hereby make the following determinations pursuant to section 1011 of the Act 249 amendments to the MPC.

(a) The Township of Bensalem has not acted in good faith or made a bona fide attempt in the adoption of its ordinances and maps and its amendments thereto to meet the statutory and constitutional requirements for nonexclusionary zoning. On the contrary, the township has attempted to

regulate a matter specifically reserved by the legislature to the Pennsylvania State Police;

(b) The zoning ordinance area limitations on self-service gasoline stations are not reasonably related to the township's physical growth pattern and have no relationship with natural resources, public services or the character of the community. On the contrary, appellant since 1968 has had constructed on the site of and in the vicinity of the proposed service station a large retail department store, a 30-bay automotive service center and an attached gasoline station with eight pumps and six 5,000 gallon below-ground storage tanks. The entire complex is located within the Neshaminy Mall, one of the two largest regional shopping centers in Bucks County.

(c) The court has considered the site location and finds it eminently suitable with reference to major roads, sewer facilities, water supplies and other public services and not inconsistent with the valid provisions of the township zoning ordinance. The township has not presented to this court a copy of its comprehensive plan. The court has considered the other standards set forth in section 1011(2)(ii), (iii), (iv) and (v), 53 P.S. §11011, and finds that the order of the court will have no adverse impact upon any of the matters set forth therein.

(d) The court finds as a fact pursuant to section 1011(4) that the appellant has certified to this court in its brief that " . . . there is not now and never has been any ordinance considered, proposed or passed relating to the subject of its requested curative amendment from the time it first presented its appeal to the Zoning Board on October 24, 1977 until the present."

We therefore enter the following

## ORDER

And now, March 13, 1979, it is hereby ordered and decreed that

(1) Section 605, paragraph 2, of the zoning ordinance of Bensalem Township is null, void and of no effect, and

(2) Sears, Roebuck and Co., appellant, is granted permission to operate its gasoline service station located at Neshaminy Mall, Cornwells Heights, in the Township of Bensalem, Bucks County, Pa., as a self-service operation provided that such operation complies fully with all provisions of Title 37, subpart B of the Pennsylvania Code and the regulations of the State Police applicable to such operations.