In Re: Appeal of Atlantic Richfield Company From Decision of the Zoning Hearing Board of the Borough of Norristown, Pennsylvania. Borough of Norristown, Appellant.

Argued April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Maurino J. Rossanese,* with him *Paul C. Vangrossi,* Solicitor, for appellant.

*Albert F. Phelan,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 30, 1983:

The Borough of Norristown appeals a Montgomery County Common Pleas Court order invalidating the borough's ordinance barring operation of self-service gasoline stations and granting Atlantic Richfield Company (ARCO) conditional permission to convert an existing full-service gasoline station to a self-service facility. We affirm.

ARCO filed a substantive challenge to the ordinance's validity with the Norristown Zoning Hearing Board pursuant to Section 1004 of the Municipalities Planning Code,[1] requesting approval of its plan to convert an existing full-service gasoline station into a self-service facility. ARCO contended that the ordinance was invalid because the Commonwealth has preempted regulation of gasoline service station operations and, also, because the ordinance has no relationship to public safety. The board rejected both contentions and upheld the ordinance but, on appeal, the common pleas court reversed without taking additional evidence, determining that the state had preempted regulatory authority in this area.

Where a common pleas court has addressed an appeal of a zoning hearing board decision without taking

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004.

additional evidence, our scope of review is limited to determining whether the board made findings unsupported by substantial evidence, committed an error of law, or abused its discretion. *Atlantic Richfield Company v. City of Bethlehem,* 69 Pa. Commonwealth Ct. 6, 450 A.2d 248 (1982).

## I.

Norristown now argues, and we agree, that the common pleas court erred in determining that the Commonwealth has preempted regulation of gasoline service stations.

In determinations of whether a municipal ordinance is invalid by reason of state preemption of regulation in a given area, the general rule is that an ordinance is valid unless it purports to exercise regulatory authority which the Commonwealth has explicitly or implicitly reserved to itself through statute or regulation. *See, e.g., Holland Enterprises, Inc. v. Joka,* 64 Pa. Commonwealth Ct. 129, 439 A.2d 876 (1982).

In the instant case, we are presented with statutes vesting regulatory authority in both municipalities and the state, but which do not explicitly delineate the bounds of authority. Section 1202(23) of the Borough Code[2] empowers a borough

> to prohibit the manufacture, sale or storage of inflammable or otherwise dangerous articles, substances or materials; to prescribe the quantities of any such articles, substances or materials that may be kept in any location and/or building; *and to prescibe such other safeguards as may be necessary.* (Emphasis added.)

The Commonwealth has also, however, reserved regulatory authority through Section 1 of the State Police

---

[2] Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46202(23).

Fire Control Act,[3] which provides in pertinent part as follows:

> The Pennsylvania State Police *may* adopt and enforce rules and regulations governing the having, using, storage, sale and keeping of gasoline, naptha, kerosene, fuel oil, or other substances of like character. (Emphasis added.)

Because the latter statute does not by its terms negate municipal authority to regulate gasoline service stations, we must construe the statutes so as to give effect to both. *Appeal of Yerger,* 460 Pa. 537, 333 A.2d 902 (1975). Thus, we read the statutes to allow municipalities to adopt regulations which are more restrictive than those adopted by the state. *Open Pantry Food Marts v. Commonwealth ex rel. Township of Hempfield,* 37 Pa. Commonwealth Ct. 423, 391 A.2d 20 (1978); *contra Sears, Roebuck and Co. v. Bensalem Township Board of Supervisors,* 10 Pa. D. & C.3d 52 (1979).

The State Police regulations promulgated pursuant to Section 1 of the Act, Pennsylvania Code Title 37, Subpart B, 37 Pa. Code §§11.1-13.226, support this view in their provision that

> [t]*his subpart* applies throughout this Commonwealth, except in Philadelphia County and Allegheny County, *and does not supercede any additional regulations or requirements not in conflict with this subpart promulgated pursuant to authority of law by any political subdivision.* If all of the provisions of this subpart are in conflict with any regulations or requirements promulgated by any political subdivision listed

---

[3] Act of April 27, 1927, P.L. 450, *as amended,* 35 P.S. §1181. The short title provided is the author's own designation for the act.

above, this subpart shall be applicable. (Emphasis added.)

37 Pa. Code §11.4(c). These regulations are prohibitory and not permissive in nature, 37 Pa. Code §11.2, and supplementary restrictions, therefore, do not conflict with them.

## II.

Norristown also argues that the common pleas court erred in determining that it had the burden of justifying the ordinance from a public safety perspective. Specifically, it contends that the court erroneously characterized the self-service nature of a gasoline station as a class of use, rather than a means of operation, and that the rule requiring a municipality to justify total exclusion of an otherwise legitimate business use, see *Exton Quarries, Inc. v. Zoning Board of Adjustment*, 425 Pa. 43, 228 A.2d 169 (1967), therefore, does not apply. We need not reach this question, however, because our review of the record has revealed that all relevant evidence introduced before the zoning hearing board establishes that the ordinance has no relationship to the public safety and regulates self-service gasoline service stations in an arbitrary manner.

ARCO presented the testimony of Jack N. Kefer, an instructor at the National Academy of Fire and Arson Investigation, to substantiate its claim that Norristown's prohibition of self-service gasoline stations was unreasonable. Kefer was formerly with the Pennsylvania State Police, Fire Marshall Division, and rewrote the relevant state regulations between 1969 and 1971 so as to encompass regulation of self-service stations. Kefer testified that his revision of the regulations was approved for safety by Underwriters Laboratories, that the regulations presently in effect are similar to those he drafted, and that he believed the

operation of self-service gasoline stations pursuant to those regulations is as safe as that of full-service gasoline stations. This testimony was uncontroverted before the Board.

Although a few individuals at the hearing related vague anecdotes about gasoline spillage and other hazardous misadventures at self-service gasoline stations, they in no way contradicted Kefer's testimony that the same hazards exist at full-service gasoline stations, that there is no difference in the safety of their operation under the state regulations and, therefore, that the total ban on self-service gasoline stations does not effectuate any legitimate public safety objective. Thus, we hold that the board's finding to the contrary is unsupported by substantial evidence.

Accordingly, the common pleas court order will be affirmed.[4]

### ORDER

The order of the Court of Common Pleas of Montgomery County in No. 81-10699, dated April 27, 1982, is hereby affirmed.

Judge CRAIG did not participate in the decision in this case.

---

[4] In light of our resolution of this matter, we find it unnecessary to address ARCO's other arguments in support of affirmance.