In Re: Appeal From Termination of Charles G. Ditzler, Prison Guard for County of Lebanon. Charles G. Ditzler, Appellant.

Argued September 17, 1981, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Kenneth C. Sandoe,* with him *Christianson Meyer,* for appellant.

*Loren A. Schrum, Egli, Reilly, Wolfson and Feeman,* for appellee.

OPINION BY JUDGE MACPHAIL, December 16, 1981:

Charles G. Ditzler (Appellant) was employed as a prison guard for the County of Lebanon (Appellee) through the Comprehensive Employment and Training Act (CETA).[1] On March 14, 1979, the Prison Board voted to discharge Appellant from his employment. On the following day Appellant was notified that the County Commissioners had also voted to terminate his employment. Subsequent to this decision, Appellant filed an appeal in the Court of Common Pleas of Lebanon County contesting the action of the County Commissioners for failure to accord him proper hearing procedures. The Court of Common Pleas dismissed the action, holding that since the federal regulations implementing CETA provide an aggrieved employee with administrative remedies and an appeal right to the federal courts, the Court of Common Pleas had no jurisdiction. An appeal to this Court from that dismissal followed. For the reasons discussed below, we shall reverse and remand.

---

[1] 29 U.S.C. §801-999 (Supp. III 1979). The Act underwent a major reorganization in 1978, P.L. 95-524, 92 Stat. 1909 (1978), and this case is governed by those amendments and the regulations in effect when the events at issue in this case occurred. *See* 20 C.F.R. §676 (1980) (current version at 45 Fed. Reg. 33861 (1980)).

The primary question we must answer is whether the Appellant has a right of action which he may enforce in the Court of Common Pleas. Appellant has alleged two actions which he desires to enforce through the trial court.[2] The first of these actions involves enforcing CETA hearing requirements through the state courts. Section 106(a)(2) of CETA provides that "[w]henever the recipient of financial assistance under [CETA] is an employer and the participant is an employee of that employer, the recipient shall . . . establish and maintain a grievance procedure relating to the terms and conditions of employment." 29 U.S.C. §816(a)(2) (Supp. III 1979). *See* 20 C.F.R. §676.84 (1980). The statute also provides for review of these procedures by the Secretary of Labor, with judicial review by federal courts under section 107, and concludes by providing:

> The existence of remedies under this section shall not preclude any person, who alleges that an action of a prime sponsor or of any other recipient violates any of the provisions of the Act or the regulations promulgated under the Act, from instituting a civil action or pursuing any other remedies authorized under Federal, State, or local law.

29 U.S.C. §816(1) (Supp. III 1979).

We do not believe, however, that Congress intended the latter provision to create a private right of action to enforce the hearing procedures outside the review provisions provided in CETA. We agree with the reasoning of the Second Circuit Court of Appeals in

---

[2] Upon reading Appellant's brief, it is difficult to determine whether the first of these rights of action is being appealed. But as there may be some difficulty in conceptually distinguishing the two actions, and as the Appellee has spent a good portion of its brief arguing this first right of action, we believe that a discussion of both actions will greatly assist the lower court upon remand.

*CETA Workers' Organizing Committee v. City of New York,* 617 F.2d 926 (2d Cir. 1980) that a private right of action should not be implied under the Act.[3] If the Appellant wishes to enforce his CETA hearing rights, then he must utilize the statutorily created federal review procedures.

The second right of action Appellant seeks to assert in the Court of Common Pleas is his hearing rights under the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754 (1981). The procedures required under this law are similar to the minimum requirements outlined under the CETA regulations. *See* 20 C.F.R. §676.84 (1980).

The issue presented for us here is whether, in view of the fact that Appellant seeks procedural protections similar to those provided under CETA, our Local Agency Law is pre-empted by the existence of the similar federal procedures. We believe it is not.

Our analysis again begins with CETA section 106. The general preservation of state law remedies there provided is further clarified by the CETA regulations:

> Whenever a person . . . believes that a recipient . . . has engaged in conduct that violates the Act and that such conduct also violates . . . a State or local law, that person . . . may, with respect to the non-CETA cause of action, . . . pursue other remedies authorized under . . . State, or local law against the recipient without first exhausting the remedies in this subpart.

20 C.F.R. §676.81(c) (1980).

> Where local law or other personnel rules require procedures, in addition to those specified in [the CETA regulations], for any adverse action including termination of employment,

---

[3] The regulations also provide that "[n]othing in this Act . . . shall . . . (3) Be construed to create a private right of action." 20 C.F.R. §676.81(c) (1980).

similarly employed CETA participants shall be notified of their right to use the same procedures.

*Id.* §676.84(c).

We believe that the statute and regulations cited above clearly show that state law rights of action, even where they involve solely procedural safeguards, are not pre-empted by CETA. If the Appellant is due an adjudication under the Local Agency Law, then he may seek such an adjudication by an appeal to the Court of Common Pleas.

We note that we are not the first Court to find that state law procedural requirements can be imposed, and enforced by the state courts, against employers of CETA workers. The Maine Supreme Judicial Court in *Lovejoy v. Grant,* Me. , 434 A.2d 45 (1981), has held in a similar situation that the procedural protections afforded teachers under Maine law were not pre-empted by CETA procedures. As that Court succinctly stated: "Administrative procedures available through the Department of Labor for the purpose of ensuring that recipients of federal CETA funds are observing federal law, do not provide a substitute for administrative procedures established under state law." Me. at , 434 A.2d at 48-49.

While we now hold that CETA does not pre-empt our Local Agency Law, we are unable to determine at this stage whether Appellant is in fact due the protection of state law. To be entitled to the procedural protections of the Local Agency Law, the Appellant must have had a "personal or property right." In the area of public employment this has been held to mean an enforceable expectation of continued employment or "some form of guarantee." *In Re Appeal of Betty Colban,* 58 Pa. Commonwealth Ct. 104, 106, 427 A.2d 313, 314 (1981). Inasmuch as the trial court did not address this issue, we must remand. The burden, of

238

course, will be upon the Appellant to prove that he is entitled to the procedural protection afforded by the Local Agency Law[4] and that such protection was not afforded to him.

ORDER

AND Now, this 16th day of December, 1981, the order of the Court of Common Pleas of Lebanon County is reversed and remanded for proceedings consistent with this opinion.

---

[4] Appellant has argued to us orally that the question of coverage of the Local Agency Law was waived by the Appellee's submission to the lower court's jurisdiction. We find no merit to this argument. See Pennsylvania Petroleum Association v. Pennsylvania Power & Light Co., 32 Pa. Commonwealth Ct. 19, 377 A.2d 1270 (1977).