514 A.2d 295

Dennis Cope and Kandi Cope, Appellants *v.* Bethlehem Housing Authority, Appellee.

Argued September 12, 1985, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*David A. Scholl,* for appellants.

*Bruce F. Briody,* for appellee.

OPINION BY SENIOR JUDGE BLATT, August 28, 1986:

Dennis and Kandi Cope (appellants) appeal an order of the Court of Common Pleas of Northampton County which affirmed a decision by the Bethlehem Housing Authority (Authority) to deny their application for admission into the Authority's housing.

The appellants had previously been Authority tenants, and, after renting private housing for several years, they again applied for admission into the Authority's housing. In considering appellants' application, the Authority reviewed the record concerning their previous Authority tenancy and consulted a number of the appellants' landlords concerning their intervening tenancies. The appellants' application was thereafter rejected on the basis that they were not considered desirable applicants.[1] After the Authority denied their appeal from this determination, the appellants filed an equity action in the common pleas court, alleging that the Authority's determination was sub-

---

[1] The Authority noted that, as previous Authority tenants, the appellants had terminated tenancies without notice, while owing back rent, leaving some damage and, in one instance, evidence of dog excrement throughout the unit. Interrogatories answered by the appellants revealed four subsequent eviction notices from private landlords, and the responses provided by the later landlords were almost uniformly negative with respect to the appellants as tenants.

ject to the provisions of the Local Agency Law[2] and seeking a de novo hearing before the common pleas court under that statute. Treating the action as one at law,[3] the trial court remanded the matter to the Authority so that a hearing could be held and a record made. Following such proceedings, the Authority again denied the appellants' application, citing their poor tenant record, and this decision was upheld by the trial court.

It appears that the parties, as well as the trial court, have treated this matter as though it concerned an adjudication under the Local Agency Law. This statute requires, of course, that a hearing be held as to any agency adjudication, which is defined as a final order "by an agency affecting personal or property rights . . . of any or all parties to the proceeding in which the adjudication is made." 2 Pa. C. S. §101. We preliminarily observe, however, that to be entitled to the benefits and procedural protections of the Local Agency Law, an individual must have had a personal or property right in the matter which is the subject of the adjudication.[4] *Ditzler Appeal*, 63 Pa. Commonwealth Ct. 233, 437 A.2d 1071 (1981).

---

[2] 2 Pa. C. S. §§551-55, 751-54.

[3] We observe that the caption of the proceedings below indicated that the matter was filed in equity, and that some of the relief requested from the trial court was equitable *i.e.* that the Authority be directed to provide housing for the appellants. Legal relief was apparently requested also, inasmuch as the appellants asserted the applicability of the Local Agency Law, and that the relief included a demand that they be given a de novo hearing thereunder by the trial court. By the disposition of the purported "appeal," it would seem that the trial court relied upon Section 708 of the Judicial Code, 42 Pa. C. S. §708 in treating the matter as though it was essentially an action at law.

[4] The Local Agency Law defines an "adjudication" as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights . . . of any . . . parties to the proceeding in which the adjudication is made." 2 Pa. C. S. §101.

The appellants assert here that they possess the requisite property or personal interest based upon their entitlement to have their application considered in accordance, *inter alia,* with federal regulations.[5]

The pertinent regulations, however, provide that an applicant's past conduct may be considered, and provide that information relied upon in making a decision may include reports of interviews and telephone conversations with reliable sources, listing landlords, court records and family social workers in the list of suggested sources of information. 24 C.F.R. §960.206. The regulation concerning appeals from adverse decisions on tenant applications provides only that an applicant should be given "an informal hearing on such determination." 24 C.F.R. §960.207. In *Singleton v. Drew,* 485 F. Supp. 1020 (E.D. Wis. 1980), relied upon by the petitioners, the court specifically noted that such an informal hearing does not require an authority to "call" witnesses, and that it does not require a complete record, sworn testimony, or a formal decision with findings of fact and legal conclusions. The *Singleton* court noted that, by contrast, those who already are public housing tenants undoubtedly possess a property interest entitling them to a full panoply of due process protection, including the use of a hearing examiner to receive and consider evidence, and subsequent judicial review. *See* 24 C.F.R. §§966.4, 966.50-955.57 and *Caulder v. Durham Housing Authority,* 433 F.2d 998 (4th Cir. 1970).

---

.  [5] The appellants also averred that their property interest is predicated upon due process. We do not believe, however, that "due process" lends itself to reference as a property interest. Due process is a flexible *concept,* and what process is due depends upon the circumstances of each case, including the nature and interests at stake in the particular proceeding. *Manna v. City of Erie,* 27 Pa. Commonwealth Ct. 396, 366 A.2d 615 (1976).

Throughout these proceedings, the appellants have sought to equate their limited due process rights to be properly *considered* for public housing with the requisite personal or property right to *have* public housing which we believe is necessary to invoke the provisions of the Local Agency Law. We disagree, therefore, that the interest of the petitioners in having their application considered by the Authority and in the limited available administrative appeal therefrom, rises to the level of establishing a cognizable property or personal interest sufficient to warrant treatment of the Authority's determination as an ''adjudication'' within the meaning of the Local Agency Law.

We believe, therefore, that the trial court lacked any basis for treating this matter as an appeal under the Local Agency Law. The appellants' complaint alleged the applicability of the Local Agency Law, but although no such remedy is available to them, we note that the action had been filed in equity, although not treated as such by the trial court. We will, therefore vacate the order of the trial court and remand this matter for it to consider the appellants' complaint in equity on whatever merits may be there presented.

### ORDER

AND Now, this 28th day of August, 1986, the order of the Court of Common Pleas of Northampton County is vacated and remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.