**Floyd McKENNA, Appellant,**

v.

**NORTH STRABANE TOWNSHIP,
a municipal corporation.**

Commonwealth Court of Pennsylvania.

Argued June 2, 1997.
Decided Sept. 10, 1997.

Sean T. Welby, Harrisburg, for appellant.

John Patrick Smider, Washington, for appellee.

Before DOYLE and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

DOYLE, Judge.

Patrolman Floyd McKenna (McKenna) of the North Strabane Township Police Department appeals an order of the Washington County Court of Common Pleas that dismissed his appeal of a decision by the Township Board of Supervisors which denied McKenna's request for permission to seek off-duty employment.

The facts are not in dispute and may be summarized as follows. On May 1, 1995,

McKenna sought permission from the Chief of Police to seek off-duty employment with the Washington County Drug Task Force pursuant to Rule 1.14 of the Rules of Conduct which provide that Township police officers may secure off-duty employment that meets certain conditions.

The Chief of Police denied McKenna's request and McKenna appealed to the Township Board of Supervisors, which, by Motion approved on June 26, 1995, also denied his request. McKenna then appealed that decision to Common Pleas.

The Township filed a motion to dismiss the appeal asserting, *inter alia,* that McKenna did not have a personal or property right in off-duty employment, and, therefore, the Township's June 26 decision denying McKenna's request was not an "adjudication" from which McKenna could appeal to Common Pleas. Common Pleas agreed and dismissed McKenna's appeal.

The Township's motion to dismiss also asserted that McKenna's appeal should be dismissed because the parties were bound by a collective bargaining agreement (CBA), which, while providing for off-duty employment, also provided for mandatory alternative dispute resolution (ADR) in the event of any dispute as to such employment. The parties stipulated in this regard that:

3. [Officer McKenna's] employment as a full-time police officer for North Strabane Township is covered under the collective bargaining agreement, the same being Exhibit "B" in the Supplement to Preliminary Objections filed on October 10, 1995 by the [Township]. The Police Rules of Conduct and Procedures is referenced in the collective bargaining agreement at Section III, Paragraph 2.

(Reproduced Record (R.R.) at 74a.) Section III, paragraph 2 of the CBA, referenced above, provides that:

2. The Township shall have the right to schedule and assign work to be performed and the right to hire, re-hire, promote, recall, demote, suspend, discipline, discharge, transfer, and lay-off members of the Police for budgetary and other legitimate reasons, and for good cause in accordance with the Rules of Conduct and Pro-

cedures, adopted by the Township April 28, 1983, **and incorporated into this Agreement by reference.**

(CBA at 3; R.R. at 43a.) (Emphasis added.)

The Rules of Conduct, incorporated into the CBA by the emphasized language above, reads, in relevant part:

A. Officers may engage in off-duty employment subject to the following limitations: (1) such employment shall not interfere with the officers' employment with the Department, (2) officers shall submit a written request for off-duty employment to the Chief of Police, whose approval must be granted prior to engaging in such employment, (3) officers shall not engage in any employment or business or business establishment involving: (a) officers selling or distributing alcoholic beverages, (b) bail bond agencies, (c) unlicensed or unbonded private guard services, or (d) any investigative or security work which would necessitate the conduct of such work within the boundaries of North Strabane Township. . . .

B. Approval may be denied when it appears that the outside employment might: (1) render the officers unavailable during an emergency, (2) physically or mentally exhaust the officers to the point that their performance may be affected, (3) require any special consideration be given to scheduling the officers' regular duty hours, or (4) bring the Department into disrepute or impair the operation or efficiency of the Department or the officer.

(Section 1.14 of the Rules of Conduct; R.R. at 9a–10a.) Furthermore, the CBA provides an ADR procedure for grievances:

*SECTION XI: GRIEVANCE PROCEDURE*

(A) *DEFINITIONS*

1. GRIEVANCE

(a) "Grievance" is hereby defined as a complaint by a full[-] time or regular part-time officer regarding the interpretation or application of, or compliance with, this Agreement.

(B) PROCEDURE

(1) First Level

(a) Within five (5) days of the event giving rise to a grievance, an informal meeting with the Chief of Police shall be held in an attempt to settle the matter.

(b) If a resolution of the complaint is not affected within five (5) days of said meeting, the grievance shall be presented in writing and processed at the "Second Level[.]"

(2) Second Level

(a) A written grievance shall be referred to the Township Manager for settlement within fifteen (15) days after the date of the meeting with the Chief of Police....

(3) Third Level

(a) The allegedly aggrieved party may directly appeal the Township Manager's decision to the Board of Supervisors in writing within five (5) days. The Board of Supervisors will render a decision[ ] in writing within ten (10) days.

(4) Final Step

(a) If the decision of the Board of Supervisors is not acceptable by the allegedly aggrieved party, the grievance shall be settled by binding arbitration....

(CBA at 20–21; R.R. at 60a–61a.)

Nevertheless, Common Pleas did not address the CBA or the arbitration issue, but rather, dismissed Officer McKenna's appeal, holding that the Township's resolution denying him the right to off-duty employment was not an "adjudication" under Section 101 of the Local Agency Law.[1] This appeal followed.

█ The only issue raised by Officer McKenna on appeal is whether Common Pleas erred in determining that the Township's Motion denying him the right to off-duty employment was not an "adjudication" under the Local Agency Law.

Appeals from local agency determinations are governed by Section 101 of the Local Agency Law which provides that an adjudication is:

Any final order, decree, decision, determination or ruling by an agency *affecting personal or property rights,* privileges, im-

munities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication was made.

2 Pa.C.S. § 101 (emphasis added). As the emphasis above makes clear, the determination of whether the Township's decision is an "adjudication" depends on whether it affected Officer McKenna's personal or property rights. We find that it did.

█ A property right is one that confers a reasonable expectation of entitlement. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). "In the area of public employment, this has been held to mean an enforceable expectation of continued employment *or 'some form of guarantee.'* " *In re Ditzler,* 63 Pa.Cmwlth. 233, 437 A.2d 1071, 1073 (1981) (emphasis added).

In this case, McKenna's reasonable expectation of entitlement arose from the Township's Rules of Conduct. These rules provide that officers have the right to off-duty employment if that employment meets certain criteria. Therefore, Officer McKenna has a reasonable expectation in off-duty employment that satisfies the criteria set forth in Section 1.14 of the Rules of Conduct.

The Township's decision, however, concluded that such employment did not meet the criteria set forth in Section 1.14 of the Rules of Conduct. Because this determination affects Officer McKenna's reasonable expectation in off-duty employment, it affects his property rights. Therefore, he would otherwise be entitled to a hearing on the issue of whether his request for off-duty employment with the Drug Task Force meets the criteria set forth in Section 1.14 of the Rules of Conduct.

Nevertheless, we affirm Common Pleas' order dismissing Officer McKenna's appeal because the record below clearly shows that he was a party to a CBA with the Township which contained a provision requiring ADR and, because the Township raised this issue both in its motion to dismiss in Common Pleas and in its brief to this Court, the Township has thereby preserved the issue.

---

1. 2 Pa.C.S. § 101.

*See Den–Tal–Ez, Inc. v. Siemens Capital Corp.*, 389 Pa. Superior Ct. 219, 566 A.2d 1214 (1989) (holding that a remand is not required where additional ground supported trial court's holding).

■ "[Arbitration] is a solemn and serious undertaking for the attainment of justice and when the parties . . . agree to settle by arbitration all differences which may arise between them[,] they are bound by their commitment as much as if they had entered into a stipulation in Court." *Chester City School Authority v. Aberthaw Construction Co.*, 460 Pa. 343, 353, 333 A.2d 758, 763 (1975) (quoting *Wyoming Radio v. National Association of Broadcast Employees and Technicians*, 398 Pa. 183, 186, 157 A.2d 366, 367 (1960)).

■ In 1991, the Supreme Court added agreements to submit disputes to ADR to the list of available pretrial objections through the addition of Pa.R.C.P.No. 1028(a)(6), which now provides:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

. . . .

(6) pendency of a prior action or agreement for alternative dispute resolution.

Pa.R.C.P.No. 1028(a)(6) (emphasis added).[2] Although the Rules of Civil Procedure are not directly applicable to statutory appeals,[3] the policy underlying the Supreme Court's change to Rule 1028 and articulated in *Chester City School Authority* applies equally as well to statutory appeal cases.

Indeed, if courts of common pleas were to fail to entertain pretrial objections based upon agreements to arbitrate, these agreements would be virtually unenforceable, because either party could file a statutory appeal and circumvent the ADR provision of the agreement.[4]

Turning to the facts of this case, the CBA between the Police and the Township provides for ADR in the case of "complaint[s] . . . regarding the interpretation of . . . this [CBA]." The CBA incorporates the Rules of Conduct that provide for off-duty employment. Therefore, off-duty employment, the subject of this appeal, is the subject of an agreement to arbitrate.

The parties in this case executed a stipulation that the Rules of Conduct, which govern the terms upon which off-duty employment may be secured, are incorporated into the CBA, which mandates ADR. The parties also stipulated to the application of the CBA to Officer McKenna. In light of these stipulations, there can be no doubt that the CBA applies to this dispute and these parties. Finally, Officer McKenna has not argued that the CBA does not apply or that this dispute is beyond its scope.

Because the CBA which binds the parties to this appeal contains an agreement to submit disputes to ADR, we must affirm Common Pleas' dismissal of Officer McKenna's statutory appeal.

### ORDER

**NOW,** September 10, 1997, the order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby affirmed.

LEADBETTER, Judge, concurring.

I fully agree with the holding of the majority that this issue is the subject of a binding agreement to arbitrate and therefore not properly before the courts. I write separately simply to register my disagreement with the notion that McKenna had a protectable property interest in the *prospect* of applying for outside employment. He had only a speculative possibility of obtaining a job "moonlighting" and knew from the township's rules of conduct that he could not even apply for such a job unless his chief within

---

**2.** Amended July 18, 1991, and effective January 1, 1992.

**3.** *See Appeal of Borough of Churchill*, 525 Pa. 80, 87, 575 A.2d 550, 553 (1990).

**4.** That *courts* are vested with the power to dismiss cases subject to arbitration cannot be doubt-

ed. "The general, inherent power of all courts to regulate their own practice . . . on the grounds of expediency, has been recognized by [the Pennsylvania Supreme Court] for almost one hundred and eighty years." *Borough of Churchill*, 525 Pa. at 89, 575 A.2d at 554.

his discretion determined that it would not interfere with his duties to the township. I do not believe that such a speculative possibility is entitled to the due process protections accorded a protectable property interest.