**Reschida McKINLEY, Appellant**

**v.**

**HOUSING AUTHORITY OF the CITY OF PITTSBURGH.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2012.

Decided Dec. 21, 2012.

Daniel G. Vitek, Pittsburgh, for appellant.

Bethann R. Lloyd, Pittsburgh, for appellee.

BEFORE: SIMPSON, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Reschida McKinley (Applicant) appeals from the December 23, 2011 order of the Court of Common Pleas of Allegheny County (trial court), wherein the Honorable Judith L.A. Friedman dismissed her appeal from the denial of her application for low-income public housing (LIPH) with the Housing Authority of the City of Pittsburgh (HACP).

Applicant filed her appeal to the trial court pursuant to the Local Agency Law, 2

Pa.C.S. §§ 551–555, 751–754, which provides that "[a]ny person aggrieved by an **adjudication** of a local agency ... shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals ..." 2 Pa.C.S. § 752 (emphasis added). An "adjudication" is defined in relevant part as "[a]ny final order, decree, decision, determination or ruling by an agency **affecting personal or property rights** ... of any ... parties to the proceeding in which the adjudication is made." 2 Pa.C.S. § 101 (emphasis added).

■ On May 5, 2011, Applicant's application for LIPH with HACP was denied on the basis of her criminal background check, which revealed a 2002 conviction for involuntary manslaughter. Under HACP's stated Admissions and Occupancy Policy, an applicant with a conviction for involuntary manslaughter is ineligible, and is denied participation in the LIPH program for life. (Record, Transcript of Recording, Grievance Hearing, June 29, 2011, at 3, 5.) Applicant appealed the denial and HACP held a grievance hearing, where Applicant appeared and testified. The hearing officer upheld the denial of her application. Applicant filed a timely appeal, and the trial court, by order dated December 23, 2011, dismissed her appeal on the basis that it lacked jurisdiction un-

der the Local Agency Law to review the matter. This appeal followed.[1]

The trial court ruled that the denial of Applicant's application was not appealable under *Cope v. Bethlehem Housing Authority*, 95 Pa.Cmwlth. 99, 514 A.2d 295, 296–7 (1986).[2] The trial court stated that, in *Cope*, this Court "distinguished between individuals making an *application* for public housing, and 'those who already are public housing tenants [who] undoubtedly possess a property interest entitling them to a full panoply of due process protection, including the use of a hearing examiner to receive and consider evidence, and subsequent judicial review.'" (March 21, 2012 Opinion of the trial court at 1 (quoting *Cope* ).) Because this Court concluded, in *Cope*, that a denial of a housing application is not an "adjudication" from which a right of appeal lies because an applicant for public housing has no personal or property right[3] in the housing for which he applied, the trial court denied Applicant's appeal.

■ On appeal to this Court, Applicant argues that we should not follow *Cope*, but look instead to the ruling of our Supreme Court in *Guthrie v. Wilkinsburg*, 505 Pa. 249, 478 A.2d 1279 (1984), for guidance. In *Guthrie*, police officers cited the Local Agency Law as the basis for their appeal to the lower court following a police investigation that resulted in warning letters

---

1. Our review is limited to whether the findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Zajac v. Altoona Housing Authority*, 156 Pa.Cmwlth. 209, 626 A.2d 1271, 1272 (1993), *appeal denied*, 537 Pa. 627, 641 A.2d 591 (1994).

2. The facts surrounding Applicant's denial of housing are nearly identical to those of *Cope*. Both cases involve an application for LIPH and subsequent denial by the local public housing authority. In *Cope*, the applicants had been tenants of the housing authority previously, and after renting private housing for several years, again applied for admission.

They were rejected as undesirable tenants based upon their previous record, including their termination of tenancies without notice while owing back rent, leaving damage, and receipt of four conviction notices from private landlords. In both cases, the applicants proceeded through a grievance hearing process.

3. This Court has stated that a property right is one that confers a reasonable expectation of entitlement. *McKenna v. North Strabane Township*, 700 A.2d 577 (Pa.Cmwlth.1997) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)).

being placed in their personnel files; the Supreme Court found that although the police officers had an enforceable property interest in their continued employment, no property right was implicated in that case, where they were not removed or suspended, but simply warned about inappropriate conduct, and the act was not an "adjudication" from which an appeal could be taken. *Guthrie*, 505 Pa. at 256, 478 A.2d at 1282. Applicant argues that *Cope* is flawed because our Court there analyzed the *level* of due process protections afforded housing applicants, and found that since those protections were not as abundant as those afforded participants already in public housing, the applicants did not have a property interest sufficient to invoke judicial review. (Applicant's Brief at 5.) Applicant maintains that *Guthrie* directs us to determine whether or not a property right was created under the federal due process protections, not the *level* of due process protections provided, and that under this standard, federal case law is clear that applicants for federal housing assistance have a property right in LIPH. (Applicant's Brief at 10.)

We note, first, that *Cope* squarely addressed the issue of whether the appellants there possessed the requisite property interest based upon their entitlement to have their application considered in accordance, *inter alia*, with federal regulations, and determined that their interest did not rise to the level of establishing a cognizable property interest. *Cope*, 514 A.2d at 296. The appellants in *Cope* averred that their property interest was predicated upon due process; the Court did not ignore the appellants' right to due process, but simply stated that "due process" does not lend itself to reference as a property interest. *Id.* at 296 n. 5. We find no conflict with our Supreme Court's analysis in *Guthrie*.

Applicant argues that federal law, the governing regulations, and HACP's own rules and regulations create a reasonable expectation of entitlement, and alleges that federal courts have supported this conclusion.[4] (Applicant's Reply Brief at 2.) HACP counters that Applicant has established no basis for a reasonable expectation of entitlement to LIPH, noting that she had not been granted housing, her application did not result in any vested interest that she would receive housing, and no statute provided that she would receive housing if she satisfied particular criteria. (HACP's Brief at 5.) Applicant cites a number of federal cases to support her contention that an applicant has a property interest in public housing.[5]

However, the United States Supreme Court has not yet decided that an applicant for public benefits, as opposed to a recipient of such benefits, has a protected property interest (*see Lyng v. Payne*, 476 U.S. 926, 942, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986)) and the decisions of inferior federal courts are not binding on Pennsyl-

4. Indeed, the trial court states that if it were not bound by precedent, it would adopt the view of Applicant to the effect that federal case law has established that applicants for public housing benefits possess a constitutionally protected property interest. (Opinion of the trial court at 3.)

5. HACP counters with an unpublished opinion from the Eastern District of Pennsylvania, *Coleman v. Philadelphia Housing Authority*, No. 00-C IV-5468, 2001 WL 872790 (E.D.Pa. June 25, 2001). *Coleman* held that an appli-

cant for public housing, who had been approved ten years earlier but declined the housing offer after she became ineligible, had no protected property interest in the Section 8 housing benefits for which she re-applied. In *Coleman*, the applicant failed to show that she had some reasonable expectation of receiving housing—either through a promise from the agency or through the agency's acceptance of a valid application—and the Court found no automatic property interest in the federal housing. *Id.*

vania state courts, even when a federal question is involved. *Werner v. Plater–Zyberk,* 799 A.2d 776, 782 (Pa.Super.), *appeal denied,* 569 Pa. 722, 806 A.2d 862 (2002). We find, therefore, that our ruling in *Cope* is controlling and consistent with Pennsylvania case law. Accordingly, we affirm the trial court's order.

### *ORDER*

AND NOW, this 21st day of December, 2012, the Order of the Court of Common Pleas of Allegheny County is AFFIRMED.